11th Court of Appeals
Eastland, Texas
Opinion
 
Danny Earl Dixon
            Appellant
Vs.                  No. 11-03-00172-CR – Appeal from Baylor County
State of Texas
            Appellee
 
            The jury convicted Danny Earl Dixon of felony driving while intoxicated, and the trial court
assessed his punishment at confinement for 25 years. We affirm.
            Appellant’s court-appointed counsel has filed a brief in which he states that he has
independently reviewed the record, that he has made a professional assessment of the proceedings,
and that he believes no legal error was committed. Counsel concludes that appellant faces three
“insuperable difficulties” with this case on appeal: the trial court neither abused its discretion nor
erred in its rulings, trial counsel’s representation did not fall below an objective standard of
reasonableness, and appellant is not allowed under Texas law to pick and choose his court-appointed
counsel. 
            Counsel has furnished appellant with a copy of the brief and advised him of his right to
review the record and file a pro se brief. A pro se brief has been filed. Counsel has complied with
the procedures outlined in Anders v. California, 386 U.S. 738 (1967); Stafford v. State, 813 S.W.2d
503 (Tex.Cr.App.1991); High v. State, 573 S.W.2d 807 (Tex.Cr.App.1978); Currie v. State, 516
S.W.2d 684 (Tex.Cr.App.1974); and Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969).
            In his pro se brief as well as in his motions to and in his correspondence with this court,
appellant contends that he brought to the trial court’s attention during a pretrial hearing his
reservations about his court-appointed counsel. Specifically, appellant was concerned that his trial
counsel lacked experience, that counsel had discussed his case with another client, and that appellant
believed that this other client was making allegations against appellant. Appellant also argues to this
court that his trial counsel was incompetent and lacked knowledge.
            The record reflects that appellant expressed in open court prior to trial his reservations about
proceeding with his appointed counsel. Appellant stated that trial counsel had been representing him
for about seven months and that John Thomas had told him while they were both incarcerated in the
Baylor County Jail that appellant’s trial counsel had discussed appellant’s case with him. Appellant
told the trial court that, at the time of trial, Thomas was in the Texas Department of Criminal Justice,
Institutional Division. Appellant further informed the trial court that, based on the seven months of
representation and on what Thomas had said to him, he felt that trial counsel could not represent
him. 
            The trial court instructed appellant that he did not have the right to pick and choose his court-appointed counsel and that substitution of court-appointed counsel would be made only if good cause
was shown. The trial court held that appellant had not established good cause. TEX. CODE CRIM.
PRO. ANN. arts. 1.051 & 26.04 (Vernon Supp. 2004). Appellant decided not to proceed pro se and
to proceed to trial with the same court-appointed counsel. See Article 1.051(g); Faretta v.
California, 422 U.S. 806, 835 (1975); Collier v. State, 959 S.W.2d 621, 625-26 n.8
(Tex.Cr.App.1997), cert. den’d, 525 U.S. 929 (1998).
            The record does not support appellant’s allegations that the trial court abused its discretion
by failing to appoint new counsel or that the trial court erred by proceeding to trial. Buntion v.
Harmon, 827 S.W.2d 945 (Tex.Cr.App.1992); Dunn v. State, 819 S.W.2d 510 (Tex.Cr.App.1991);
Malcom v. State, 628 S.W.2d 790 (Tex.Cr.App.1982); Webb v. State, 533 S.W.2d 780
(Tex.Cr.App.1976). These contentions are overruled.
            Appellant also appears to be challenging the effectiveness of his trial counsel. In order to
determine whether appellant’s trial counsel rendered ineffective assistance, we must first determine
whether appellant has shown that counsel’s representation fell below an objective standard of
reasonableness and, if so, then determine whether there is a reasonable probability that the result would
have been different but for counsel’s errors. Strickland v. Washington, 466 U.S. 668 (1984);
Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999); Hernandez v. State, 726 S.W.2d 53
(Tex.Cr.App.1986). The right to effective assistance is not the right to error-free counsel. Hernandez
v. State, 726 S.W.2d supra. We must indulge a strong presumption that counsel’s conduct fell within
the wide range of reasonable professional assistance; and appellant must overcome the presumption
that, under the circumstances, the challenged action might be considered sound trial strategy. 
Strickland v. Washington, supra; Stafford v. State, supra. 
            The record before this court reflects that trial counsel actively participated at all phases of
the trial. Trial counsel questioned prospective jurors during voir dire. Trial counsel objected to
evidence and succeeded in preventing the admission of the bottle of brandy recovered from
appellant’s car until the State established chain of custody. Trial counsel made other timely
objections to evidence. Trial counsel cross-examined the State’s witnesses and presented closing
argument. At the punishment phase, trial counsel elicited testimony from appellant that he had “got
kind of sidetracked,” that he had lost his family and had not seen his children in three years, that he
had been working steadily in a nursing home since his release on parole, and that he had purchased
the bottle of brandy for his brother. Appellant admitted his past convictions. Trial counsel also
elicited testimony from the chief jailer that appellant had not been belligerent since he had been
confined in the jail, that he had not caused any major trouble, and that they had had only minor
trouble with appellant. 
            Trial counsel’s representation did not fall below an objective standard of reasonableness, and
nothing in the record reflects that, but for trial counsel’s errors if any, there would have reasonably
been a different result in the trial. Strickland v. Washington, supra; Hernandez v. State, 988 S.W.2d
supra; Hernandez v. State, 726 S.W.2d supra. The record supports the conclusion that trial counsel
provided reasonably effective representation.
            Each of appellant’s contentions and arguments have been considered. All are overruled.
            Following the procedures outlined in Anders, we have independently reviewed the record. 
Seymour Police Officer Corey Brasher testified that he observed appellant speeding down Main
Street. Officer Brasher turned on his lights, but appellant kept driving. After six or seven blocks,
appellant began to turn off of Main Street and onto Lincoln Street. Officer Brasher activated his
sirens, and appellant “stopped abruptly” in the right-hand lane of traffic on Lincoln Street. 
            Officer Brasher noticed the odor of alcohol when he asked appellant for his driver’s license. 
Appellant “seemed very antsy like he was hiding something.” Appellant was rude and belligerent. 
His eyes were “very bloodshot” and were “glassy.” His speech was slurred. Appellant told Officer
Brasher that he had had “a few beers.” Officer Brasher found a half-empty bottle of brandy in the 
car seat. Officer Brasher concluded that appellant was intoxicated. 
            Seymour Police Officer Donald Morgan testified that he administered three field sobriety
tests. Appellant was able to complete only one of the tests, and he failed it. Officer Morgan
concluded that appellant was intoxicated. 
            Michael Wallace, the chief jailer for Baylor County, testified that appellant was very
belligerent when he was brought to the jail and that he was cursing the officers. Appellant had a
strong odor of alcohol on him; he could not stand up by himself; and he was slurring his words.
Officer Wallace stated that appellant was “teetering and tottering around” while the officer tried to
remove items from his pockets and while the officer tried to get booking information from him. 
Appellant was unable to tell Officer Wallace his date of birth. Officer Wallace concluded that
appellant was intoxicated. 
            The evidence is both legally and factually sufficient to support the jury’s findings. Jackson
v. Virginia, 443 U.S. 307 (1979); Vasquez v. State, 67 S.W.3d 229, 236 (Tex.Cr.App.2002);
Goodman v. State, 66 S.W.3d 283 (Tex.Cr.App.2001); Johnson v. State, 23 S.W.3d 1, 11
(Tex.Cr.App.2000); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000); Cain v. State, 958 S.W.2d
404 (Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126 (Tex.Cr.App.1996). We agree that the
appeal is without merit.
            The judgment of the trial court is affirmed.
 
                                                                                                PER CURIAM
April 22, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.