Robert Lee MALCOM, Appellant,

v.

The STATE of Texas, Appellee.

No. 60298.

Court of Criminal Appeals of Texas,
Panel No. 3.

March 10, 1982.

Gus A. Saper, Houston, for appellant.

Carol S. Vance, Dist. Atty. and Calvin A. Hartmann & Dennis Cain, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, W. C. DAVIS and McCORMICK, JJ.

OPINION

McCORMICK, Judge.

This is an appeal from a conviction of burglary of a building; punishment was assessed at imprisonment for fifteen years. The sufficiency of the evidence is not challenged.

Appellant asserts three grounds of error dealing with the trial court's denial of his pro se motion to dismiss his court-appointed counsel. On December 3, 1977, appellant was arrested and charged with burglary of a building. On December 6, 1977, appellant notified the court that he was indigent and requested the appointment of counsel. The court, complying with appellant's request, appointed an attorney to represent appellant. Appellant was indicted on December 21, 1977. The docket sheet indicates appellant and his appointed counsel appeared in court on three separate occasions between December 9, 1977 and January 3, 1978. Jury trial in this case was set for February 14, 1978. On January 30, 1978, appellant filed a pro se motion for dismissal of court-appointed counsel, citing the attorney's "unwillingness to explore the appellant's contentions" and alleging that an "irrepairable (sic) animosity" had developed between appellant and counsel "thus preventing a workable relationship between attorney and client." Finally, appellant alleged that forcing him to accept his court-appointed attorney would deny him adequate counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. Appellant's motion also asked that the court appoint another attorney to represent him.

On January 31, 1978, the trial court overruled appellant's motion. There is no showing that appellant was afforded an opportunity to present evidence in support of his motion, nor does it appear that appellant was present in court when the motion was overruled.

In his first ground of error, appellant claims the trial court's action denied him effective assistance of counsel and was a denial of adequate counsel as guaranteed under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Subsection 10 of the Texas Constitution and Article 1.04, V.A.C.C.P. This Court has repeatedly stated that a trial judge is under no duty to search until he finds an attorney agreeable to the defendant. Lyles v. State, 582 S.W.2d 138 (Tex.Cr.App.1979); Webb v. State, 533 S.W.2d 780 (Tex.Cr.App.1976); Gonzales v. State, 532 S.W.2d 343 (Tex.Cr.App.1976); Viges v. State, 508 S.W.2d 76 (Tex.Cr.App. 1974); Gleffe v. State, 501 S.W.2d 672 (Tex. Cr.App.1973); Williams v. State, 493 S.W.2d 863 (Tex.Cr.App.1973); Smith v. State, 493 S.W.2d 154 (Tex.Cr.App.1973); Rogers v. State, 488 S.W.2d 833 (Tex.Cr.App.1973); Martin v. State, 460 S.W.2d 919 (Tex.Cr. App.1970). Once the court has appointed an attorney to represent the indigent defendant, the defendant has been accorded the protections provided under the Sixth and Fourteenth Amendments and Article 26.04, V.A.C.C.P., regarding counsel. If a defendant is displeased with his appointed counsel, he must bring the matter to the court's attention. Thereupon, the defendant carries the burden of proving that he is entitled to a change of counsel. Webb v. State, 533 S.W.2d 780, 784, footnote 3 (Tex. Cr.App.1976). This Court has historically affirmed the trial judge's decisions in refusing defendants' motions to dismiss their court-appointed counsel. Lyles v. State, supra; Webb v. State, supra; Gonzales v. State, supra; Rodriquez v. State, 530 S.W.2d 944 (Tex.Cr.App.1975); Viges v. State, supra; Gleffe v. State, supra; Williams v. State, supra; Smith v. State, supra; Rogers v. State, supra; Stovall v. State, 480 S.W.2d 223 (Tex.Cr.App.1972); Martin v. State, supra.

The allegations in appellant's motion stated that the court-appointed counsel was unwilling to explore the appellant's contentions and that such an irreparable animosity had developed between appellant and court-appointed counsel so that a working rela-

tionship was prevented. We must examine the record and determine if this animosity and unwillingness to explore the appellant's contentions had a negative impact on the representation afforded appellant. It appears that appellant's court-appointed attorney provided adequate representation for appellant. The record shows a competent and vigorous defense. Appellant has shown us no harm in the court's denial of his motion. See *Lyles v. State*, supra; *Gonzales v. State*, supra; *Viges v. State*, supra; *Gleffe v. State*, supra; *Smith v. State*, supra; *Rogers v. State*, supra. Appellant's first ground of error is overruled.

Next, appellant maintains that the failure of the court to hold a hearing on his motion to dismiss counsel denied his procedural and substantive due process rights. We disagree. We have found no case law mandating the trial court to sua sponte hold a hearing on this matter. In addition, appellant never requested such a hearing. In *Stovall v. State*, 480 S.W.2d 223 (Tex.Cr. App.1972), Stovall contended the court erred in not conducting a hearing when he expressed dissatisfaction with his court-appointed counsel. This Court, in affirming the conviction, found there was no error since Stovall had never requested such a hearing. Appellant's second ground of error is overruled.

Finally, appellant contends that the trial court violated Article 28.01, V.A.C. C.P., when the court overruled appellant's motion for dismissal of counsel when neither appellant, nor his attorney, was present. Article 28.01, supra, (1977), reads in pertinent part as follows:

"Sec. 1. The court may set any criminal case for a pre-trial hearing before it is set for trial upon its merits, and direct the defendant and his attorney, if any of record, and the State's attorney, to appear before the court at the time and place stated in the court's order for a conference and hearing. The defendant must be present at the arraignment, and his presence is required during any pre-trial proceeding. The pre-trial hearing shall be to determine any of the following matters:

"(1) Arraignment of the defendant, if such be necessary; and appointment of counsel to represent the defendant, if such be necessary; ..."

In order to answer this ground of error, we must first determine what constitutes a "proceeding" under Article 28.01, V.A.C. C.P. At present, there is only one case which defines "proceeding" under Article 28.01. That case, cited by appellant in his brief, is *Riggall v. State*, 590 S.W.2d 460 (Tex.Cr.App.1979). In that case, Riggall filed a pro se motion to dismiss for failure to prosecute a theft charge. At some point before trial, the judge dismissed Riggall's motion. Riggall argued on appeal that Article 28.01, supra, was violated when neither he nor his attorney were present at the hearing that resulted in the order overruling his motion. This Court, in determining that the trial court's action constituted a "proceeding" under Article 28.01, supra, noted that the written order overruling Riggall's motion to dismiss recited that the cause "came on to be heard." In addition, the order also contained four paragraphs labeled as findings of fact and conclusions of law, indicating that some type of evidence or testimony was heard and considered. Since there was some type of "proceeding", this Court held Riggall or his appointed counsel should have been present.

In the case at bar, we have nothing before us to indicate that there was any kind of "proceeding" as discussed in *Riggall*. There is no written order; there is just a notation on a docket sheet saying that the motion was overruled. Based on the record before us, we hold that the trial judge's action in overruling appellant's motion to substitute counsel was not a "proceeding" under Article 28.01, supra. Thus, Article 28.01, supra, was not violated. Appellant's third ground of error is overruled.

The judgment is affirmed.

ODOM, Judge, dissenting.

I dissent to the majority's opinion that Article 28.01, V.A.C.C.P., was not violated

when the trial court overruled appellant's motion to dismiss court-appointed counsel and appoint new counsel without a hearing and in the absence of appellant and his attorney.

By a strange reading of Art. 28.01, supra, the majority asserts that the trial court's ruling did not constitute a "proceeding." Black's Law Dictionary defines proceeding as "the form and manner of conducting juridical business before a court or judicial officer; regular and orderly progress in form of law; including all possible steps in an action from its commencement to the execution of judgment." To deny that the trial court's ruling on appellant's motion was a proceeding, as the majority does, cannot remove the error from this case: it merely compounds the error. The majority has simply held that the trial court's ruling was wholly without lawful authority since it was taken, according to the majority's way of thinking, outside the realm of judicial "proceedings." The majority's attempt to avoid the abatement of an appeal required by *Riggall v. State*, 590 S.W.2d 460, for violation of Art. 28.01, supra, has, for its short-sightedness, simply moved the error from the frying pan into the fire.

As I view this case, the trial court's adverse ruling on appellant's motion violated the requirements of Art. 28.01, supra, and, as explained in *Riggall v. State*, supra, the appeal should be abated so that the statutory requirements may be satisfied. I dissent to the majority's unconvincing attempt to avoid that just procedure.