IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-427-CR





EUGENE FORD THOMPSON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT



NO. 44,029, HONORABLE JACK W. PRESCOTT, JUDGE PRESIDING



 





PER CURIAM

 The district court found appellant guilty of murder and assessed punishment,
enhanced by two previous felony convictions, at imprisonment for life. Penal Code, 63d Leg.,
R.S., ch. 399, sec. 1, § 19.02, 1973 Tex. Gen. Laws 883, 913, amended by Act of May 28,
1973, 63d Leg., R.S., ch. 426, art. 2, § 1, 1973 Tex. Gen. Laws 1122, 1123 (Tex. Penal Code
Ann. § 19.02, since amended). We will affirm.

 In his first point of error, appellant contends the district court erred by "failing to
grant Appellant's Motion to Dismiss his Court-appointed Counsel and to appoint new Counsel to
represent him or to retain Counsel to represent him." On March 7, 1994, Stephen Blythe was
appointed to represent appellant in this cause. On June 16, Blythe filed a motion to withdraw as
counsel citing an "irreconcilable conflict" between himself and appellant. When the case was
called for trial the following day, however, counsel informed the court that "Mr. Thompson and
I have resolved any differences that we had. We're willing to go ahead and I'm willing to go
ahead and represent him here today." In response to questions by the court, appellant stated that
he was satisfied with Blythe's representation. Thereafter, the court accepted appellant's guilty
plea and judicial confession, announced its finding of guilt, and reset the cause for punishment.

 When the case was called one month later for assessment of punishment, counsel
made this statement to the court:



 Your Honor, for the record, the defendant would announce that he is not
ready. Since last appearing for the plea, Mr. Thompson has indicated to me on a
couple of occasions that he is not satisfied with my services as his attorney. Has
indicated to me that his family desires to retain a private attorney.


 I've discussed it with him at the jail and he agreed to continue with me as
his attorney and then this week I received a letter from him indicating that he again
was wishing to dismiss me as his attorney of record.


 He has advised me this morning in court that he does not want to proceed
this morning in the punishment hearing with me as his attorney. I feel that I'm in
a position, an awkward position where I have to ask the court to, to both continue
the proceeding this morning and at the same time I have to ask the court to allow
me to withdraw as the attorney of record and allow Mr. Thompson the opportunity
to retain private counsel.



The district court overruled this oral motion. During the subsequent proceedings, appellant stated
on several occasions that he did not want Blythe as his attorney.

 The appointment of an attorney to represent an indigent defendant satisfies the
constitutional and statutory requirements with regard to the right to counsel. Malcom v. State,
628 S.W.2d 790, 791 (Tex. Crim. App. 1982). A trial court is under no duty to search until it
finds an attorney agreeable to the defendant. Id. When confronted by an eleventh-hour request
for change of counsel, a trial court may, at its discretion, appoint new counsel or allow the
accused to retain new counsel. Burgess v. State, 816 S.W.2d 424, 428 (Tex. Crim. App. 1991). 
But if the court declines to allow new counsel, and if the defendant does not assert his right to
self-representation, the court may compel the defendant to proceed to trial with the lawyer he has. 
Id. at 429.

 Appellant does not contend that trial counsel rendered ineffective assistance. We
find no basis in the record for concluding that the district court abused its discretion by refusing
appellant's midtrial request to change attorneys. Point of error one is overruled.

 In point of error two, appellant contends the district court erred by refusing to
continue the punishment hearing to allow appellant time to retain new counsel. Having concluded
that the court did not abuse its discretion by refusing appellant's request to change attorneys, we
also conclude that the court did not abuse its discretion by refusing to postpone the punishment
hearing. In any event, appellant had had ample time to hire an attorney if that was his desire. 
Point of error two is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: December 21, 1994

Do Not Publish