IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-94-070-CR




EUGENE SALAZAR,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT



NO. 93-141, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING


 




PER CURIAM

 A jury found appellant guilty of aggravated kidnapping (count one) and burglary
of a habitation (count two). Penal Code, 63d Leg., R.S., ch. 399, sec. 1, §§ 20.04 & 30.02,
1973 Tex. Gen. Laws 883, 915 & 926 (Tex. Penal Code Ann. §§ 20.04 & 30.02, since amended). 
The jury assessed punishment for count one at imprisonment for ninety-nine years and a $5000
fine. The punishment for count two is imprisonment for twenty-five years and a $5000 fine.

 Appellant's only point of error is that the district court erred by overruling trial
counsel's motion to withdraw as counsel. Trial counsel, who was appointed, filed her motion to
withdraw on December 27, 1993. The only ground stated for withdrawing was that "counsel has
been asked by the Defendant to withdraw as attorney of record in this cause." 

 A visiting judge heard the motion on January 6, 1994. At the hearing, counsel
stated that appellant was unable or unwilling to communicate with her, was unable or unwilling
to assist in the preparation of his defense, refused to follow counsel's advice, insisted that counsel
subpoena and call witnesses counsel believed would be detrimental to his case, and refused to
accept counsel's explanation of the applicable law. Appellant also addressed the court. He
complained that counsel wanted him to accept a plea bargain, would not cooperate with him, and
visited him only when it was time to go to court. Appellant also stated that he was depressed,
could not eat or sleep, and could not communicate with anybody. Asked by the court if he wished
to represent himself, appellant said he did not. Noting that the case was set for trial the following
week, the court refused to appoint substitute counsel.

 On January 10, the day trial began, counsel reurged her motion to withdraw before
the presiding district judge. The motion was again overruled.

 The appointment of an attorney to represent an indigent defendant satisfies the
constitutional and statutory requirements with regard to the right to counsel. Malcom v. State,
628 S.W.2d 790, 791 (Tex. Crim. App. 1982). A trial court is under no duty to search until it
finds an attorney agreeable to the defendant. Id. Conflicts of personality and disagreements
between counsel and client are not automatic grounds for withdrawal. Solis v. State, 792 S.W.2d
95, 100 (Tex. Crim. App. 1990). When confronted by an eleventh-hour request for change of
counsel, a trial court may, at its discretion, appoint new counsel or allow the accused to retain
new counsel. Burgess v. State, 816 S.W.2d 424, 428 (Tex. Crim. App. 1991). But if the court
declines to allow new counsel, and if the defendant does not assert his right to self-representation,
the court may compel the defendant to proceed to trial with the lawyer he has. Id. at 429.

 Appellant argues that a serious question of effectiveness arises when attorney and
client are at odds. Appellant does not, however, contend that trial counsel rendered ineffective
assistance in this cause. We find no basis in the record for concluding that the district court
abused its discretion by refusing to allow counsel to withdraw just as trial was to begin. The point
of error is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: January 25, 1995

Do Not Publish