Opinion issued July 25, 2002

 














In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00418-CR






EDWARD STANLEY WATSON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 858871






O P I N I O N


 A jury convicted appellant, Edward Stanley Watson, of delivery of cocaine
weighing less than one gram, found an allegation of two prior felony convictions to
be true, and assessed punishment at 16 years confinement. On appeal, appellant
contends he was denied the assistance of counsel during a critical stage of the judicial
proceedings. We affirm.

Facts

 Aristotle A. Kotey was appointed to represent appellant, an indigent, at trial. 
On February 8, 2001, approximately one month before trial, appellant filed a pro se
motion entitled "Defendant's Motion to Dismiss Counsel and Appoint Qualified
Counsel." In the motion, appellant alleged that Kotey: (1) failed to provide effective
assistance of counsel; (2) failed to communicate with appellant and told appellant's
family that he "has many other cases more important to deal with"; (3) failed to
investigate allegations that the arresting officers committed perjury; (4) failed "to
obtain the faith and confidence" of appellant, walked out on appellant, and failed to
file necessary pleadings; and (5) attempted to persuade appellant to plead guilty.

 The trial court conducted a hearing on appellant's motion. At the hearing,
appellant reiterated his concerns with Kotey's representation. Kotey testified that he
visited appellant six times in jail, and that appellant "wanted to talk forever" each
time. Kotey denied ever hanging up the telephone on appellant, but he did request
that only one person from appellant's family should call. Kotey said that he had a
court appointed investigator investigate the case, but, when she reported that there
was nothing more that she could find out about the case, appellant insisted on asking
the court for more money to investigate further. Kotey admitted that he walked out
on appellant once after visiting with him for a "long, long time." Kotey also testified
that he had explained the issues in the case to appellant and filed several motions in
the case.

 The prosecutor did not participate in the hearing. After fully hearing both
appellant and Kotey, the trial court denied appellant's motion to dismiss Kotey.

Law and Analysis


 In four related points of error, appellant contends he was denied his Sixth
Amendment right to counsel because the trial court did not appoint someone other
than Kotey to represent him at the hearing on the motion to dismiss counsel.

 Once the court has appointed an attorney to represent the indigent defendant,
the defendant has been afforded the protections provided under the Sixth and
Fourteenth Amendments and Article 26.04 of the Texas Code of Criminal Procedure,
regarding counsel. Malcom v. State, 628 S.W.2d 790, 791 (Tex. Crim. App. 1982). 
If a defendant is displeased with his appointed counsel, he must bring the matter to
the court's attention. Id. Thereupon, the defendant carries the burden of proving that
he is entitled to a change of counsel. Id. 

 Appellant has cited no authority to show that he is entitled to assistance of a
second appointed attorney in carrying his burden. In fact, this Court has noted that
no such authority exists. See Garner v. State, 864 S.W.2d 92, 99 (Tex.
App.--Houston [1st Dist.] 1993, pet. ref'd).

 An appellant is entitled to assistance of counsel at any "critical stage" of the
prosecution. Estelle v. Smith, 451 U.S. 454, 469-70, 101 S. Ct. 1866 (1981).
However, not every event following the inception of adversary judicial proceedings
is a "critical stage" so as to invoke the Sixth Amendment. United States v. Ash, 413
U.S. 300, 93 S. Ct. 2568 (1973); Green v. State, 872 S.W.2d 717, 720 (Tex. Crim.
App. 1994). To determine whether a stage of the prosecution is critical, we must find
that the appellant required "aid in coping with legal problems or assistance in meeting
his adversary." Green, 872 S.W.2d at 720, quoting Ash, 413 U.S. at 313, 93 S. Ct. at
2575. 

 In this case, appellant did not require the assistance of counsel in coping with
his legal problems or meeting his adversary. In fact, the prosecution was not involved
in the hearing at all. Additionally, appellant was permitted, through his own
testimony, to show why he was dissatisfied with counsel. There is nothing in the
record to show that an appointed attorney could have done anything more. No special
legal knowledge was required of appellant at the hearing. Therefore, we conclude
that the hearing on appellant's motion to dismiss counsel was not a "critical stage"
entitling him to a second appointed attorney.

 Appellant also contends that Kotey was "functionally absent" and provided
ineffective assistance of counsel. However, this Court has held that it is not
ineffective assistance of counsel per se for appointed counsel to omit to present
evidence to support his client's request for a change of counsel. Garner, 864 S.W.2d
at 101. That Kotey did not assist appellant in his efforts to have himself removed
does not, standing alone, amount to ineffective assistance of counsel.

Conclusion


 All of appellant's points of error are based on the premise that he was entitled
to have a second attorney appointed to represent him in his motion to replace counsel. 
Because we have held that he was not entitled to such counsel, we overrule points of
error one through four.

 We affirm the judgment.

 Michael Schneider

 Chief Justice


Panel consists of Chief Justices Schneider and Justices Taft and Radack.


Publish. Tex. R. App. P. 47.