NO. 07-04-0380-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 8, 2004



______________________________




DONALD WAYNE DORCH, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 8TH DISTRICT COURT OF HOPKINS COUNTY;



NO. 0317244; HONORABLE ROBERT NEWSOM, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

ON COUNSEL'S MOTION TO WITHDRAW


 Pending before the court is a motion to withdraw filed by appellant's appointed
counsel, Roland Fergurson. The motion is based on appellant's written request that
Fergurson withdraw and Fergurson's statement that he is "unable to effectively
communicate with" appellant. Attached to the motion is a letter from appellant to
Fergurson accusing him of disregarding appellant's request for the status of his appeal and
appellant's "instructions" concerning the issues to be presented on appeal. We will
overrule the motion.

 It is well established that an indigent criminal defendant's right to counsel does not
require a court to search for an attorney acceptable to the defendant. King v. State, 29
S.W.3d 556, 566 (Tex.Crim.App. 2000); Malcom v. State, 628 S.W.2d 790, 791
(Tex.Crim.App. 1982). (1) 

 The notice of appeal in this case was filed June 16, 2004. Appellant's letter to
Fergurson was dated August 26, 2004. The clerk's record was filed September 2. The
present motion was filed September 16. The reporter's record has not been filed and was 
due on October 4. 

 Appellant's complaints are that his counsel has failed to keep him informed of the
status of the appeal or advance specific arguments on appeal. The limited record shows
no events had occurred in the appeal between the filing of the notice of appeal and
appellant's August 26 letter. Appellant's letter also appears to reflect an expectation that
his counsel commit to advancing specific arguments on appeal before even having an
opportunity to review the record of the trial proceedings to determine if that record would
support the arguments. An attorney is ethically barred from advancing arguments with no
basis in fact or law and the right to counsel does not require counsel to make such
arguments. See Penson v. Ohio, 488 U.S. 75, 83-84, 109 S.Ct. 346, 351-52, 102 L.Ed.2d
300 (1988); Tex. Discip. R. Prof. Conduct 3.01 (1989). Counsel acts properly in reserving
an opinion on making specific arguments until he has had an opportunity to review the full
record. Appellant's complaint at this stage of the appeal concerning the arguments that
will be presented is speculative. 

 The statement in Fergurson's motion that he is unable to effectively communicate
with appellant is made without any support. Conflicts of personality and disagreements
between counsel and client are not automatic grounds for withdrawal. Solis v. State, 792
S.W.2d 95, 100 (Tex.Crim.App. 1990).

 The trial court has the responsibility for appointing counsel to represent indigent
defendants, as well as the authority to relieve or replace counsel, and retains authority to
appoint or substitute counsel even after the appellate record has been filed. Tex. Code
Crim. Proc. Ann. arts. 1.051(d), 26.04(j)(2) (Vernon Supp. 2004). See also Enriquez v.
State, 999 S.W.2d 906, 907-08 (Tex.App.--Waco 1999, no pet.). But see Hudspeth v.
State, 31 S.W.3d 409, 412 (Tex.App.-Amarillo 2000, pet. ref'd) (court of appeals authority
to rule on motion to withdraw accompanying Anders brief). The pending motion does not
establish good cause for us to remand the appeal to the trial court for that purpose. We
overrule the motion, without prejudice to its refiling if future events make it necessary. 

 Per Curiam

Do not publish.
1. The statement in Fergurson's motion to withdraw that his withdrawal is sought that
appellant "might be represented by counsel of his choice" thus overstates appellant's
entitlement under the Sixth and Fourteenth Amendments. See Malcom, 628 S.W.2d at
791. 



">Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).