*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


# MEMORANDUM OPINION

No. 04-08-00400-CR

**IN RE** Robert **MARTINEZ**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Catherine Stone, Justice
                 Phylis J. Speedlin, Justice
                 Steven C. Hilbig, Justice

Delivered and Filed:   July 16, 2008

PETITION FOR WRIT OF MANDAMUS DENIED

Relator Robert Martinez has filed three petitions for a writ of mandamus complaining of several matters in his pending criminal case. Relator complains his trial counsel, Phil Meyer, has failed to perform certain acts related to his representation of relator in the underlying pending criminal case. Relator also requests the issuance of writs of mandamus directing the San Antonio Police Department to disclose certain information and directing the trial court to rule on relator's pro se motions. We deny the petitions.[2]

---

[1] This proceeding arises out of Cause No. 2007-CR-10817, styled *State of Texas v. Robert Martinez*, pending in the 175th Judicial District Court, Bexar County, Texas, the Honorable Mary Roman presiding.

[2] One petition is entitled "Petition for a Writ of Habeas Corpus for Relief from Illegal Restraint;" however, we construe it as a mandamus petition because it requests an order directing the trial court to grant relator's pro se motion for speedy trial and set a trial date.

First, this court's mandamus authority is quite limited. *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding). By statutory grant, this court has authority to issue writs of mandamus against a district court judge or a county court judge in our court of appeals district, and all writs necessary to enforce our jurisdiction. *Id.*; TEX. GOV'T CODE ANN. § 22.221(a),(b) (Vernon 2004). Thus, in order for trial counsel or the San Antonio Police Department to fall under our mandamus authority, it must be shown the issuance of the writ is necessary to enforce our jurisdiction. *See Coronado*, 980 S.W.2d at 692. Because the acts relator would have trial counsel perform do not affect this court's jurisdiction, we must deny relief as to relator's trial counsel.[3] *See id.* Similarly, because the acts relator would have the police department perform do not affect this court's jurisdiction, we must deny relief as to the San Antonio Police Department. *See id.*

Next, to obtain mandamus relief in a criminal matter, the relator must establish the act sought to be compelled is ministerial rather than discretionary in nature, and there is no other adequate remedy at law. *Dickens v. Second Court of Appeals*, 727 S.W.2d 542, 548 (Tex. Crim. App. 1987). It is well established a criminal defendant does not have a right to hybrid representation. *Robinson v. State*, 240 S.W.3d at 919, 921-22 (Tex. Crim. App. 2007); *Scarbrough v. State*, 777 S.W.2d 83, 92 (Tex. Crim. App. 1989). The decision to permit hybrid representation is within the trial court's discretion. *Robinson*, 240 S.W.3d at 922; *Scarbrough*, 777 S.W.2d at 92. Consequently, "a trial court is free to disregard any *pro se* motions presented by a defendant who is represented by counsel."

---

[3]This is not to suggest relator is without recourse. Genuine concerns about the representation provided by appointed counsel are properly directed to the trial court's attention. *See Malcolm v. State*, 628 S.W.2d 790, 791 (Tex. 1982).

*Robinson*, 240 S.W.3d at 922. Because the acts relator would have the trial judge perform are discretionary and not ministerial in nature, we must deny relief as to the trial judge.

Finally, no leave is required to file a petition for a writ of mandamus in this court. TEX. R. APP. P. 52 (specifying requirements for filing original proceedings in the courts of appeals). Therefore, relator's applications for leave to file the petitions are denied as moot.

Relator's mandamus petitions are denied.

PER CURIAM

DO NOT PUBLISH