

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00489-CR

PATRICK LAMONT JOHNSON            APPELLANT

V.

THE STATE OF TEXAS            STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Patrick Lamont Johnson of the state jail felony offense of burglary of a building and assessed his punishment at two years' confinement. The trial court sentenced him accordingly.

Johnson's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a

---

[1]*See* Tex. R. App. P. 47.4.

professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 87 S. Ct. 1396 (1967). We gave Johnson an opportunity to file a pro se brief, which he did. The State declined the opportunity to file a brief in response.

Prior to filing his pro se brief in response to his appointed counsel's *Anders* brief, this court had already denied Johnson's two previous motions requesting substitution of counsel. Now, despite this court's having granted a time extension to file his brief and Johnson's having filed his pro se brief, he has filed a third motion to this court requesting substitution of appellate counsel. As with his previous two motions, Johnson cites no authority to show that he is entitled to the assistance of a different appointed attorney. *See Malcom v. State*, 628 S.W.2d 790, 791 (Tex. Crim. App. [Panel Op.] 1982) (discussing defendant's burden regarding entitlement to change of counsel).

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, and Johnson's brief. We agree with counsel that this appeal is wholly frivolous and without

2

merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Furthermore, we have reviewed Johnson's third motion requesting substitution of counsel and find nothing in the motion that causes us to retreat from our previous two orders denying this request.

Accordingly, we grant counsel's motion to withdraw, deny Johnson's third motion for substitution of counsel, and affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL: WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 25, 2012

3