COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00489-CR

 

 


 
 
 Patrick Lamont Johnson
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM Criminal
District Court No. 3 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          A
jury convicted Appellant Patrick Lamont Johnson of the state jail felony offense
of burglary of a building and assessed his punishment at two years’
confinement.  The trial court sentenced him accordingly.

Johnson’s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  Counsel’s brief and motion meet the
requirements of Anders v. California by presenting a professional
evaluation of the record demonstrating why there are no arguable grounds for
relief.  386 U.S. 738, 87 S. Ct. 1396 (1967).  We gave Johnson an
opportunity to file a pro se brief, which he did.  The State declined the
opportunity to file a brief in response.

Prior
to filing his pro se brief in response to his appointed counsel’s Anders
brief, this court had already denied Johnson’s two previous motions requesting
substitution of counsel.  Now, despite this court’s having granted a time
extension to file his brief and Johnson’s having filed his pro se brief,
he has filed a third motion to this court requesting substitution of appellate
counsel.  As with his previous two motions, Johnson cites no authority to show
that he is entitled to the assistance of a different appointed attorney.  See
Malcom v. State, 628 S.W.2d 790, 791 (Tex. Crim. App. [Panel Op.] 1982)
(discussing defendant’s burden regarding entitlement to change of counsel).

Once
an appellant’s court-appointed attorney files a motion to withdraw on the
ground that the appeal is frivolous and fulfills the requirements of Anders,
this court is obligated to undertake an independent examination of the record. 
See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays
v. State, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). 
Only then may we grant counsel’s motion to withdraw.  See Penson v. Ohio,
488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We
have carefully reviewed the record, counsel’s brief, and Johnson’s brief.  We
agree with counsel that this appeal is wholly frivolous and without merit; we
find nothing in the record that might arguably support the appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); see
also Meza v. State, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).  Furthermore,
we have reviewed Johnson’s third motion requesting substitution of counsel and
find nothing in the motion that causes us to retreat from our previous two
orders denying this request.

Accordingly,
we grant counsel’s motion to withdraw, deny Johnson’s third motion for
substitution of counsel, and affirm the trial court’s judgment.

 

 

BILL MEIER
JUSTICE

 

PANEL: 
WALKER,
MCCOY, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  October 25, 2012

 



 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00489-CR

 

 









 
 
 Patrick
 Lamont Johnson
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From Criminal District
 Court No. 3
  
 of
 Tarrant County (1241170D)
  
 October
 25, 2012
  
 Opinion
 by Justice Meier
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS 








 

 

 

 

By_________________________________

   
Justice Bill Meier








 

 









[1]See Tex. R. App. P. 47.4.