**Opinion issued April 28, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00715-CR

————————————

**KEITH WAYNE FRANCES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Case No. 1406601**

---

## MEMORANDUM OPINION

Appellant Keith Wayne Francis pleaded guilty to possession of a controlled

substance and was sentenced to eight months' confinement in a State Jail Facility.

In a single issue, he argues that he is entitled to a new trial because the trial court

ruled on his motion to set aside the indictment without him being present. We affirm.

## BACKGROUND

On January 31, 2014, appellant was indicted for possession of less than one gram of cocaine, with enhancements for two prior felony possession convictions. On June 25, 2014, appellant and his counsel attended a pretrial hearing and appellant's counsel filed several motions. One of those filings was a Motion to Set Aside Indictment, alleging that "the State has provided insufficient evidence to show that Mr. Francis possessed a controlled substance, other than the mere possession of paraphernalia with residue." The following day, on June 26, 2014, the trial court signed an order denying the motion to set aside the indictment. On August 5, 2014, appellant entered a guilty plea.

## PRESENCE AT PRETRIAL HEARING

Appellant seeks reversal of his conviction and a new trial, arguing that "the trial court erred by failing to secure [his] presence at a pretrial hearing based on the legality of the indictment against him." He contends that the right to personal presence at all critical stages of trial is a fundamental right recognized under the U.S. Constitution, *Rushen v. Spain*, 464 U.S. 114, 117–18, 104 S. Ct. 453, 455 (1983), and codified by the Texas Legislature. *See* TEX. CODE CRIM. PRO. ANN. art 28.01, § 1 (West 2006).

2

The State disagrees, arguing that the appellant cannot show a violation of article 28.01 because "there is no indication that the trial court held any type of proceeding when it ruled on appellant's motion." The State also contends that the "trial court did not violate appellant's constitutional right to be present when the court denied his motion because appellant's presence was not reasonably related to his opportunity to defend himself."

## ANALYSIS

Article 28.01 provides that a defendant must be present during "any pretrial proceeding." TEX. CODE CRIM. PRO. ANN. art 28.01. Appellant does not dispute that he was present with counsel at the pretrial hearing on June 25, 2014. Rather, he complains that he was not present the next day when the trial court signed the order denying the motion to dismiss. The question presented here is whether the trial court's entering an order denying appellant's motion to set aside the indictment was a pretrial proceeding. We agree with the State that it was not.

If the trial court holds a hearing on a defendant's pretrial motions, the defendant is entitled, under the plain language of article 28.01, to be present. The trial court may, however, take matters under advisement and make pretrial rulings in the absence of a defendant. This distinction was addressed in *Watkins v. State*, a case in which the appellant argued that the trial court's failure to conduct a hearing in the defendant's presence on appellant's pretrial motion to dismiss his appointed

3

counsel violated article 28.01. 333 S.W.3d 771, 775–76 (Tex. App.—Waco 2010, pet. ref'd). The trial court in that case "entered an order in which it stated that it had considered [the appellant's] motion and denied it." *Id*. at 775. The Waco Court of Appeals examined the relevant case law, ultimately concluding this did not amount to a pretrial proceeding at which the appellant was required to be present under article 28.01.

In *Riggall v. State*, the Court of Criminal Appeals determined that the trial court's actions constituted a "proceeding" under article 28.01, by noting that the written order overruling Riggall's motion to dismiss recited that the cause "came on to be heard" and contained four paragraphs containing findings of fact and conclusions of law, indicating that some type of evidence or testimony was heard or considered. *Riggall v. State*, 590 S.W.2d 460 (Tex. Crim. App. 1979). Since there was some type of "proceeding" in that case, the Court of Criminal Appeals held that Riggall or his appointed counsel should have been present. In the present case, there is nothing to indicate that there was any kind of "proceeding" with regard to the denial of Watkins's motion. *See Jones v. State*, No. 14–87–00951–CR, 1989 WL 31803 at *1–2, 1989 Tex. App. LEXIS 758 at *4 (Tex. App.— Houston [14th Dist.] April 6, 1989, no pet.) (not designated for publication) (no violation of article 28.01 where there was only a handwritten notation on the motion to dismiss court appointed counsel which read "Denied," together with the date and the signature of the trial judge). We believe that *Riggall* is distinguishable since the record shows nothing other than the order signed by the trial court that it considered Watkins's motion to indicate that a proceeding was held. There are no findings in the order or other indications that evidence or testimony was heard or considered.

We find that a more analogous case to the case at bar is *Malcom v. State*. *Malcom v. State*, 628 S.W.2d 790 (Tex. Crim. App. 1982). In *Malcom*, there was no formal written order, but there was a notation on a docket sheet that a motion to dismiss counsel was overruled. The Court of Criminal Appeals held that the trial court's

4

action of overruling the motion was not a "proceeding" under article 28.01. *Malcom*, 628 S.W.2d at 792. By application of the holdings of *Malcom* and *Riggall*, we find that the trial court in this case did not violate article 28.01.

*Id.* at 775–76. We likewise conclude that the facts of this case are more like *Malcom* than *Riggall*. There is no record of a hearing or any type of proceeding on June 26, 2014, the date the trial court signed the complained-of order. The order itself states only that "[t]he foregoing motion is in all things denied." Because nothing in the record—including the language of the June 26 order—indicates that the trial court's signing the denial order was a proceeding under article 28.01, we conclude that appellant has not shown that the trial court violated article 28.01.

To the extent that appellant argues that his due process rights were violated by the trial court's ruling on appellant's motion to dismiss outside appellant's presence, we reject that argument as well. A defendant has constitutional right to be present "whenever [the defendant's] presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." *Routier v. State*, 112 S.W.3d 554, 577 (Tex. Crim. App. 2003) (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 105–06, 54 S. Ct. 330, 332 (1934)). The "presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *Id.* (quoting *Snyder*, 291 U.S. at 107–08, 54 S. Ct. at 333)). Given that appellant was present at the June 25, 2014 pretrial proceeding, and given that there was no proceeding held on

5

June 26, 2014 when the trial court signed the order denying appellant's motion, appellant has not established that the trial court's ruling on the motion without his being present denied his right to due process.

We overrule appellant's sole issue.

## CONCLUSION

We affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).