

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-17-00121-CR

CHRIS SHANE SPENCER                                          APPELLANT

V.

THE STATE OF TEXAS                                                STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
### TRIAL COURT NO. CR13544

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Chris Shane Spencer appeals his convictions for continuous sexual abuse of a child and injury to a child. In two points, Spencer argues that the trial court denied him his rights to a fair and public trial with the assistance of counsel of his choosing. We will affirm.

---

[1]See Tex. R. App. P. 47.4.

## II. BACKGROUND

Because Spencer does not challenge the sufficiency of the evidence or raise a point that requires a complete recitation of the facts, only those facts necessary to the resolution of the points he brings on appeal are included in this opinion.

After the State charged Spencer, the trial court determined that he was indigent; thus, the trial court appointed him counsel—Pamela Walker. Just prior to the jury panel being seated for voir dire, the following exchange between Walker and the trial court occurred:

> MS. WALKER: Your Honor, if it's okay, Tracy Bush is going to sit in with me as second (inaudible) --
>
> COURT REPORTER: I'm sorry, counsel. I didn't hear what you said.
>
> MS. WALKER: Tracy Bush is going to sit in with me as second chair.
>
> THE COURT: Yeah. I mean --
>
> MS. WALKER: Is that all right?
>
> THE COURT: Pro bono, I assume?
>
> MS. WALKER: Oh, yeah. It will be for free. Well, I pay her, but --
>
> (Recess)
>
> THE COURT: Have a seat, please. All right. Seat the jury panel, please.
>
> MS. WALKER: Your Honor, may we approach?

[Prosecutor]: Counsel, --

MS. WALKER: This is off the record.

THE COURT: Well, there's no reason to approach.

MS. WALKER: Tracy Bush is in the JP court, and she'll be here, and is it all right if she walks around the side to sit down while they're seating the jury? I am so sorry. She --

THE COURT: Well, if the jury is seated, no, she can't do that. If the jury is seated and voir dire is going on, --

MS. WALKER: Okay.

THE COURT: -- no.

MS. WALKER: Okay.

THE COURT: Now, if we're -- if the -- if the jury is just being seated, then, yeah, that's fine.

MS. WALKER: Okay.

THE COURT: But once the jury is seated and voir dire starts, nix nix.

MS. WALKER: Okay. Thank you.

THE COURT: All right. Seat the jury.

Ultimately, a jury found Spencer guilty of continuous sexual abuse of a child and injury to a child and assessed punishment at ninety-nine years and ten years, respectively. The trial court rendered judgment accordingly. Spencer then filed a motion for new trial. In his motion and at the motion-for-new-trial hearing, Spencer argued that he had been denied his right to co-counsel, the counsel of his choice, and the effective assistance of counsel when the trial judge

3

denied Walker's request that Bush be allowed to come to counsel table after voir dire had begun. The trial court denied Spencer's motion, and this appeal followed.

In his initial briefing to this court, Spencer argued that he had been denied his right to a fair, impartial, and public trial under both the United States' and Texas's constitutions. Specifically, Spencer argued that the trial court violated his rights when it "denied" Bush from being admitted to the courtroom. In the interest of justice, this court abated this case to the trial court so that the trial court could make specific findings regarding whether Bush had been denied access to the trial. The trial court found that all parts of the trial were open to the public. The trial court further found that,

> Tracy Bush was not [Spencer's] court appointed trial counsel. Pamela Walker was. Tracy Bush was not present in the courtroom when jury selection began. The trial court did not exclude Tracy Bush, nor anyone else, from the courtroom during voir dire. The trial court simply set the parameters for the presence of Ms. Bush at the defense counsel table during voir dire, i.e. that she would not be allowed to be seated at the defense counsel table, "if the jury is seated and voir dire is going on." Likewise, the trial court said, " . . . if the jury is just being seated, then, yeah, that's fine. But once the jury is seated and voir dire starts, nix nix." The response of Ms. Walker to that instruction was, "Okay. Thank you." The court merely limited where Ms. Bush could sit in the courtroom should she arrive after the jury panel was seated and voir dire was under way.

After the court made its fact findings and this appeal was reinstated, Spencer submitted his supplemental brief arguing that he had been denied his right to a fair trial and the assistance of counsel of his choosing.

4

### III. DISCUSSION

### A.     Spencer's Right to a Public Trial

In his first point, Spencer argues that the trial court violated his rights to a public trial "when he excluded defense counsel from the courtroom without any justification, thereby violating [Spencer's] constitutional guarantee to a fair and impartial trial of his case."  The State counters that Spencer has not preserved this argument for appeal and that the trial court did not exclude Bush from the courtroom but that rather, the trial court merely set parameters on whether Bush would be allowed to interrupt the court proceedings by being allowed to come to the defense-counsel table after the jury panel was seated and voir dire had begun.  We agree with the State.

A complaint that a defendant's right to a public trial was violated is subject to forfeiture.  *Peyronel v. State*, 465 S.W.3d 650, 652–53 (Tex. Crim. App.), *cert. denied*, 136 S. Ct. 548 (2015).  And an objection must be made as soon as the basis for the objection becomes apparent, and the objection must be made with sufficient specificity that it informs the trial court of the basis of the objection. *Courson v. State*, 160 S.W.3d 125, 129 (Tex. App.—Fort Worth 2005, no pet.).  Here, the record indicates that Spencer's court-appointed attorney never made a right-to-public-trial objection.  In fact, it is difficult to construe Walker's discussion with the trial court as anything more than a request—one that Walker specifically declared was to be "off the record."  Moreover, once the trial court informed Walker of the parameters of allowing Bush to come to counsel table, Walker's

5

response was, "Okay." And Walker never once mentioned Spencer's right to a public trial. Thus, Spencer's complaint on appeal that he was denied a public trial is forfeited because he never objected to the trial court that this right was being violated.

But even assuming that Walker's request to the judge was a proper objection regarding Spencer's right to a public trial, the trial court specifically found that all parts of Spencer's trial were open to the public and that Bush was not denied access to the courtroom but was merely not allowed to come to counsel table once the jury panel had been seated and voir dire had begun. Thus, the record does not support that Bush was denied access to any portion of the trial. We overrule Spencer's first point.

## B.      Spencer's Right to Counsel of His Own Choosing

In his second point, Spencer argues that he was denied his right to a fair trial and the assistance of counsel of his choosing when the trial court did not allow Bush to come to counsel table after the jury panel was seated and voir dire had begun. We disagree.

 The right of the accused to choose counsel, pursuant to the Sixth Amendment, does not extend to defendants who have counsel appointed for them by the trial court. *Whitney v. State*, 396 S.W.3d 696, 700 (Tex. App.—Fort Worth 2013, pet ref'd).

Here, after the trial court found Spencer indigent, it appointed Walker as his attorney. Thus, Spencer was not entitled to also have Bush represent him,

6

and his rights to an attorney were not violated.  *See Malcom v. State*, 628 S.W.2d 790, 791 (Tex. Crim. App. [Panel Op.] 1982) (stating that once "the court has appointed an attorney to represent the indigent defendant, the defendant has been accorded the protections provided under the Sixth and Fourteenth Amendments").  We overrule Spencer's second point.

## IV. CONCLUSION

Having overruled both of Spencer's points on appeal, we affirm the trial court's judgment.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL:  SUDDERTH, C.J.; WALKER and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 24, 2018