

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| AARON CRAIG HINMAN, | § | No. 08-16-00226-CR |
| Appellant, | § | Appeal from the |
| v. | § | 112th Judicial District |
| THE STATE OF TEXAS, | § | of Pecos County, Texas |
| Appellee. | § | (TC# P-3601-112-CR) |
| | § | |

## **O P I N I O N**

Aaron Craig Hinman appeals the trial court's conviction of intoxication manslaughter and injury to a child. In a single issue, Appellant contends the trial court erred in denying his motion for continuance to retain counsel of his choice. We affirm.

## BACKGROUND

On August 15, 2015, Appellant was arrested after he drove his truck into a family home, killing a four-year-old child, and injuring another child. On September 2, 2015, attorney Frank Lacy was appointed to represent Appellant. Appellant was indicted on October 21, 2015, with five felony counts. Appellant posted bond on October 30, 2015 and was free on bond until his conviction. On February 18, 2016, the trial court notified the parties the jury trial date was set for May 23, 2016 at 9:00 a.m.

On the day of trial at approximately 8:31 a.m., Appellant's attorney filed a motion for continuance so that Appellant could retain his counsel of choice. Appellant's attorney explained to the trial court he had just been informed that morning of Appellant's desire to retain counsel of his choosing. The trial court responded that Appellant had been indicted on October 21, 2015, counsel had been appointed prior to the indictment, the trial date had been set at the February hearing, and assured Appellant that his appointed attorney "is one of this Court's better attorneys." Appellant testified regarding the motion for continuance. Appellant told the trial court he had not yet hired anyone, but his family was seeing an attorney out of El Paso by the name of "Ken Starr" that same day. When asked by the trial court how long his communication with this attorney had been, Appellant responded his uncle had been in contact with the attorney because he is "the one that has the financial means." The trial court explained to Appellant that the fact that he waited until "8:40 [a.m.] right before voir dire" to indicate his desire to hire a new attorney—over eight months after counsel had been appointed to represent him—was insufficient because the trial date had "been pending a while. Efforts have been made to try this today." After asking whether Appellant's potential attorney was present and ready to proceed to trial, to which Appellant responded "[n]o, your Honor," the trial court denied Appellant's motion for continuance.

Before trial, the State abandoned counts two and three—a first degree felony of injury to a child—and Appellant plead guilty to counts one and five—a second degree felony of intoxication manslaughter and a State jail felony of injury to a child. Prior to resting its case, the State also abandoned count four—a third degree felony of injury to a child. The jury found Appellant guilty on counts one and five—a second degree felony of intoxication manslaughter and a state jail felony

2

of injury to a child.[1]   This appeal followed.

## DISCUSSION

### Denial of Motion for Continuance to Retain Counsel of Choice

In his sole issue for review, Appellant contends the trial court violated his Sixth Amendment right to counsel and his Fourteenth Amendment right to due process by denying his motion for continuance to retain counsel of his choice.   We disagree.

### *Standard of Review*

We review a trial court's denial of motion for continuance to retain counsel of choice for abuse of discretion.   *Greene v. State*, 124 S.W.3d 789, 794 (Tex.App.--Houston [1st Dist.] 2003, pet. ref'd).   When determining whether a motion for continuance to retain counsel of choice should be granted or denied, the trial court must weigh the following non-exclusive factors:   (1) the length of the delay requested; (2) whether other continuances were requested and whether they were denied or granted; (3) the length of time in which the accused's counsel had to prepare for trial; (4) whether another competent attorney was prepared to try the case; (5) the balanced convenience or inconvenience to the witnesses, the opposing counsel, and the trial court; (6) whether the delay is for legitimate or contrived reasons; (7) whether the case was complex or simple; (8) whether a denial of the motion resulted in some identifiable harm to the defendant; and (9) the quality of legal representation actually provided.   *Ex parte Windham*, 634 S.W.2d 718, 720 (Tex.Crim.App. 1982).   A trial court does not abuse its discretion when it reasonably balances these factors and concludes that the "general interest in the prompt and efficient administration of justice" outweighs the right to retain counsel of choice.   *Greene*, 124 S.W.3d at 793, (quoting

---

[1] Appellant plead guilty to counts one and five immediately before trial began and the jury was instructed to find Appellant guilty on those counts.

*Gandy v. Alabama*, 569 F.2d 1318, 1323 (5th Cir. 1978)). The trial court is afforded substantial discretion and the ruling will not be reversed absent a showing of a clear abuse that deprived the defendant of his right. *United States v. Burton*, 584 F.2d 485, 489, 492 (D.C. Cir. 1978).

### *Analysis*

The Sixth and Fourteenth Amendments afford defendants the constitutional right to a reasonable opportunity to secure counsel of his choosing. *See Powell v. State of Alabama*, 287 U.S. 45, 69, 53 S.Ct. 55, 64, 77 L.Ed. 158 (1932). However, that right is not absolute and must not "be manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice." *Webb v. State*, 533 S.W.2d 780, 784 (Tex.Crim.App. 1976); *see also Rosales v. State*, 841 S.W.2d 368, 374 (Tex.Crim.App. 1992)(citing *Gandy*, 569 F.2d at 1323);. Ultimately, the defendant carries the burden of proving he is entitled to a change of counsel. *Malcom v. State*, 628 S.W.2d 790, 791 (Tex.Crim.App. 1982)(citing *Webb*, 533 S.W.2d at 784 n.3).

In *James v. State*, the defendant filed a motion for continuance to retain counsel of choice on the day of trial because he did not "feel comfortable" with his appointed attorney. 506 S.W.3d 560, 564 (Tex.App.--Houston [1st Dist.] 2016, no pet.). The trial setting had been scheduled for over three months and the defendant had been in jail for nearly six months. *Id*. The defendant told the court that his family had acquired funds to retain an attorney whom they would be meeting with that same day; the defendant knew "for sure that they're going to hire him," and asked the court for "a little bit of time" to retain that attorney. *Id*. The court applied the *Windham* factors and concluded that most of the factors favored the denial of his motion for continuance. *Id*., at 565.

4

The present case is analogous to *James* because Appellant also waited until the day of trial to file a motion for continuance to retain counsel of choice. Appellant was appointed an attorney over eight months prior to the day of trial, which was enough time to secure an attorney of his choosing. Like *James*, the trial setting had been scheduled over three months prior to the set trial date. Appellant posted bond over six months prior to the trial date; unlike in *James* where the court denied the defendant's motion for continuance despite having been incarcerated for nearly six months. Like *James*, Appellant also testified that his family was meeting that same day with an attorney. However, unlike Appellant, the defendant in *James* was certain that a specific attorney would be hired and asked the court for a small amount of time, which the court still found to be insufficient because the request was made the day of trial. When asked by the court whether he had hired an attorney, Appellant responded, "[n]ot that I know of," and "I believe they're speaking to Ken Starr. I believe that's his name[.]" Appellant clearly had not yet retained an attorney and was uncertain as to whether the named attorney his family was supposedly going to meet with would even be hired. Appellant's lack of certainty was also made apparent to the court by the indefinite time requested to retain an attorney. The court in *James* concluded that most of the factors favored the denial of defendant's motion for continuance, "particularly the timing of the request (morning of trial) and the absence of specific complaints about the appointed lawyer (who was prepared to try the case that day) or specific reasons for substituting a new lawyer (who had not yet been retained)." *James*, 506 S.W.3d at 565.

The majority of the *Windham* factors as applied to this case clearly support the trial court's ruling. First, Appellant's motion for continuance failed to specify the length of delay requested. Appellant essentially requested an indefinite length of delay, which would surely "obstruct the

5

orderly procedure in the courts or interfere with the fair administration of justice." *Webb*, 533 S.W.2d at 784. Second, the record reflects no prior continuances were requested. Third, Appellant's attorney was appointed prior to the indictment and had over seven months to prepare for trial. Moreover, Appellant and Appellant's attorney were aware of the trial date three months prior to trial. Pursuant to the Texas Code of Criminal Procedure, "appointed counsel is entitled to 10 days to prepare for a proceeding . . . ." TEX.CODE CRIM.PROC.ANN. art. 1.051(e)(West Supp. 2017). Thus, Appellant's attorney had an abundance of time to prepare for trial. Fourth, another competent attorney was not prepared to try the case. Appellant testified about the possibility of hiring another attorney, but had not yet retained one. Fifth, the record does not contain evidence to determine the balanced convenience or inconvenience to the witnesses, the opposing counsel, and the trial court. Sixth, the record does not contain evidence proving whether the requested delay was for legitimate or contrived reasons. Seventh, although the charges against Appellant were serious, the record does not appear to be particularly complex because the evidence against him was overwhelming. Appellant was driving at ninety-two miles per hour, had a blood alcohol count of 0.247—three times the legal limit—and a urinalysis that tested positive for cocaine. Furthermore, the record is filled with testimony that Appellant was driving the truck that killed a four-year-old child, and an EMS paramedic also testified that Appellant confirmed to her that he was the driver. The evidence was overwhelming to such a degree that Appellant plead guilty to intoxication manslaughter and injury to a child, which the jury found him guilty of. Eighth, the record does not indicate that the court's denial of the indefinite time requested resulted in any particular, identifiable harm to Appellant. Ninth, Appellant's appointed attorney was not aware of Appellant's desire to retain new counsel until the morning of trial and, ostensibly, been

6

preparing to try the case for seven months. From his performance at trial—questioning potential jurors during voir dire, directing and cross-examining witnesses on Appellant's behalf, objecting to evidence exhibits, and presenting opening and closing statements—it is evident Appellant's attorney was prepared and provided him with adequate representation. Moreover, the trial judge assured Appellant that his appointed attorney "is one of this Court's better attorneys." Ultimately, only one *Windham* factor—no prior continuances requested—favors the granting of the motion for continuance. Although three of the *Windham* factors are not absolutely supported either in favor of or in opposition of granting the motion for continuance, "under an abuse of direction standard, it is not our role to reweigh the factors, but to determine whether the trial court could reasonably have balanced them and concluded that the fair and efficient administration of justice weighed more heavily than appellant's right to counsel of his choice." *Rosales*, 841 S.W.2d at 375. Nonetheless, most of the *Windham* factors support the trial court's ruling, specifically the timing of the request, the absence of specific complaints—or any complaint—about the appointed attorney, and the absence of specific reasons for wanting to obtain a new attorney. In *James*, our sister court found these factors to be sufficient to deny the motion for continuance and we agree. 506 S.W.3d at 565. Thus, the trial court reasonably concluded that administration of justice outweighed Appellant's right to counsel of choice. Accordingly, we hold that the trial court did not abuse its discretion in denying Appellant's motion for continuance to retain counsel of his choice. Appellant's issue is overruled.

## CONCLUSION

The judgment of the trial court is affirmed.

July 27, 2018

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)