

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00024-CR
_____

PAUL JOAQUIN PONCE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 065591-A-CR, Honorable John B. Board, Presiding[1]

December 20, 2022

## MEMORANDUM OPINION

Before QUINN, C.J. and PARKER and YARBROUGH, JJ.

Paul Joaquin Ponce appealed his conviction for aggravated assault of a child. The court so convicted him after originally deferring the adjudication of his guilt, granting the State's motion to adjudicate guilt, finding him guilty, and levying sentence. Two of the three issues before us concern the purported violation of appellant's right to counsel.

---

[1] Sitting by assignment.

Through the third, appellant contends the record is incomplete which warrants reversal. We affirm.

### *Issue One and Two—Constitutional Right to Counsel of Choice*

Via his first two issues, appellant posits that the trial court violated his right to counsel of choice under both the Texas and United States Constitutions. It purportedly did so after the attorney appellant hired (Combs) appeared at the hearing on the State's motion to adjudicate guilt while another from the same firm appeared at the later sentencing hearing. The second attorney, Balderrama, explained to the court that he was there because original counsel, Combs, had a conflict with his schedule. The trial court acknowledged knowing of the conflict and proceeded with the hearing, in which hearing Balderrama argued on behalf of appellant. So proceeding allegedly violated appellant's constitutional right to counsel of his choice. We overrule the issue.

The appellate record contains no evidence supporting appellant's assertion that Combs' "appearance was neither waived nor consented to" or "[a]ppellant neither requested substitution of counsel, consented to his retained lawyer's absence, nor waived the presence of his retained lawyer." In other words, he contends that he did not agree to Balderrama's appearance on his behalf. Oddly, though, appellant never objected to Balderrama's appearance or the absence of Combs.

It has long been true that we do not review contentions which depend upon factual assertions outside the record. *Janecka v. State*, 937 S.W.2d 456, 476 (Tex. Crim. App. 1996); *Cantrell v. State*, No. 06-13-00086-CR, 2013 Tex. App. LEXIS 12520, at *5 (Tex. App.—Texarkana Oct. 10, 2013, no pet.) (mem. op., not designated for publication). Indeed, factual assertions in a brief unsupported by evidence of record cannot be

2

accepted as fact. *Gray v. State*, No. 08-11-00001-CR, 2012 Tex. App. LEXIS 6024, at *4 (Tex. App.—El Paso July 15, 2021, pet. dism'd) (mem. op., no designated for publication). That is what we have here. Evidence illustrating whether appellant requested a substitution of counsel, consented to his retained attorney's absence, or formally waived the presence of his retained attorney appears nowhere in the record. Appellant simply utters statements without evidentiary basis appearing of record.

On the other hand, the record illustrates that Balderrama appeared, mentioned why he was there, indicated the firm at which he worked (which was the same as Combs'), proffered argument to the court on behalf of appellant, and closed with "I don't think you will have an issue with **our client** again." (Emphasis added). All the while, appellant said nothing as Balderrama clearly acted for him. So, whether it is because the lack of evidentiary basis underlying the complaint or appellant's failure to voice a timely objection to Combs' absence and Balderrama's presence, the complaint is beyond our review at this juncture. *See Malcom v. State*, 628 S.W.2d 790, 791 (Tex. Crim. App. 1982) (stating that if a defendant is displeased with his attorney he must bring the matter to the court's attention); *Pilgram v. State*, No. 01-19-00027-CR, 2020 Tex. App. LEXIS 5589, at *9-10 (Tex. App.—Houston [1st Dist.] July 21, 2020 no pet.) (mem. op., not designated for publication) (stating the same).

### *Issue Three—Entitlement to New Hearing*

Through his third issue, appellant argues that he is entitled to a new hearing because a presentence report was omitted from the record and could not be found. Yet, we abated and remanded the cause to the trial court to investigate the matter. It held a hearing and heard relevant testimony. The transcription of that hearing is part of the

3

appellate record, as are the trial court's findings of fact and conclusions of law. They reveal that no formal presentence report was developed or considered by the trial court. The latter simply reviewed various documents and a video in lieu of such a report. Furthermore, all three items are part of the supplemented appellate record. We afforded appellant opportunity to consider them and file an amended or supplemental brief addressing them or some issue related to them. He eschewed the opportunity. Given these circumstances, we reject his complaint about missing records requiring reversal and overrule the issue.

    The trial court's judgment is affirmed.


Brian Quinn
Chief Justice


Do not publish.