Joshua **ROGERS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45491–A.

Court of Criminal Appeals of Texas.

Jan. 10, 1973.

Russell M. Stanley, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Richard Hoffman, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This appeal is taken from a conviction for the offense of robbery by assault. Punishment was assessed at fifteen years' confinement.

Appellant alleges four grounds of error.

Testimony reveals that Jesse Hernandez was the owner of a combination liquor store and watch repair shop in Houston. The manager of the store was Luther Hicks. On December 8, 1970, a man entered the store while Hernandez was in the storeroom at the rear of the establishment. The man, identified as appellant, handed Hicks a five-dollar bill, and asked for a "a bottle" and some orange juice. When Hicks returned with the merchandise, appellant confronted him with a sawed-off shotgun, took back the five dollars, and ordered Hicks to lie down on the floor. Shortly thereafter, Hernandez came toward the front of the store, and appellant forced him to open the cash register. Appellant took between $70 and $80 and fled. He was apprehended a short distance away.

One of appellant's complaints concerns his court-appointed counsel. Appellant argues that it was error for the trial court to refuse to relieve the court-appointed counsel, since appellant advised

the court that he was "dissatisfied" with this attorney. The record reflects that a hearing on this matter was held outside the presence of the jury. It was revealed that appellant's court-appointed counsel had been actively engaged in the practice of law for almost three years, and that his was primarily a criminal practice. A thorough reading of the record fails to substantiate appellant's allegation of inadequate counsel. Further, the Court is under no duty to search for counsel until it finds one who is agreeable to a defendant. See Boykin v. State, 487 S.W.2d 128 (Tex.Cr. App.1972); Perry v. State, 464 S.W.2d 660, 664 (Tex.Cr.App.1971); Martin v. State, 460 S.W.2d 919 (Tex.Cr.App.1970); Washington v. State, 488 S.W.2d 445 (Tex. Cr.App.1972).

 In two other grounds of error, appellant contends that the failure of the State to produce the monies recovered at the time of the arrest was highly prejudicial to appellant and denied him his right of confrontation and cross-examination. We note that only after extensive testimony by the two victims of the robbery, concerning the money taken, did defense counsel voice a similar objection at the trial level. That objection came too late to preserve any possible error on this point. Webb v. State, 480 S.W.2d 398 (Tex.Cr. App.1972); Sierra v. State, 482 S.W.2d 259 (Tex.Cr.App.1972); Crestfield v. State, 471 S.W.2d 50 (Tex.Cr.App.1971) cert. denied, 406 U.S. 917, 92 S.Ct. 1764, 32 L.Ed. 2d 115 (1972); Salas v. State, 486 S.W. 2d 956 (Tex.Cr.App.1972).

In his final ground of error, appellant argues that there is a material variance between the proof offered at the trial and the allegation of the indictment. Specifically, appellant states that the evidence shows only a robbery of Jessie Hernandez, the owner of the store, and not of Luther Hicks, as alleged in the indictment. We cannot agree. Luther Hicks was the man whom appellant initially confronted

with the sawed-off shotgun. Hicks was ordered to lie down on the floor. Appellant then instructed Hernandez to open the cash register. Hicks testified that he was in charge of the cash register. The owner also stated that Hicks was in charge of the store at the time of the robbery, and that his [the owner's] only purpose for being there was "to keep books and pay out bills that come in." The State thereby established that Hicks was the special owner of the property taken. Appellant's contention is without merit. See Harriford v. State, 487 S.W.2d 351 (Tex.Cr.App.1972).

The judgment is affirmed.