**John Lee SMITH, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46099.**

Court of Criminal Appeals of Texas.

April 25, 1973.

Ralph Taite (Court appointed on appeal), Dallas, for appellant.

Henry Wade, Dist. Atty., and Mike G. McCollum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant was convicted of the offense of robbery by assault; punishment was assessed at 99 years' confinement.

■ The sufficiency of the evidence is challenged, and appellant contends there is not sufficient evidence to hold him as a principal. The meat department manager of a Piggly Wiggly store in Dallas testified that on March 11, 1970, the day of the robbery, he observed appellant and two other men inside the store. His suspicions became aroused since all three men had on dark hats and three-quarter length coats. He further testified that the appellant walked alongside the meat counter snapping his fingers, yelling "Hey, man, come here a minute." The witness complied; appellant then proceeded to the front of the store. Appellant was observed nodding at one of his companions. The three men left the store together.

The assistant manager of the store testified that on the day in question, he observed three persons enter the store together. He identified appellant as one of these three persons. The witness stated he saw one of the other men walk up to the manager and hold a small gun on him and hand him a paper sack. Also, he observed appellant motion to one of the female checkers in the store to come over toward him. When the three persons exited the store, the witness attempted to follow them and get the license number of their automobile. However, one of the offenders pulled a gun and the witness became fearful for his safety and abandoned the pursuit.

The evidence is clearly sufficient to support the finding of appellant as a principal and the ultimate verdict.

■ In another ground, appellant alleges that the court erred in not removing the court-appointed attorney. He states in his brief that the "record is clear that the appellant desired attorneys other than those that had been appointed." The record evidences a competent and vigorous defense. As this Court has only recently held, a trial court is under no obligation to search for an attorney until it selects one suitable to the accused. Rogers v. State, Tex.Cr.App., 488 S.W.2d 833 (1973).

In appellant's last ground, he charges that the court erred in not having a hearing outside the presence of the jury on the issue of photo identification, when the matter first arose. The portion of the record we are referred to indicates that it was *defense counsel* who raised the issue of the photo identification. Also, a hearing outside the presence of the jury was, in fact, conducted and the witness testified that his identification of appellant was based strictly on what he observed during the robbery. Appellant has shown no error.

A pro se brief filed by appellant has been examined, but we find nothing which merits further discussion.

The judgment is affirmed.