**John VIGES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47812.**

Court of Criminal Appeals of Texas.

April 17, 1974.

Norman H. Inman and Joe Farris, Jr., Beaumont (both court-appointed), for appellant.

Tom Hanna, Dist. Atty., John R. DeWitt, Asst. Dist. Atty., Beaumont, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The appellant was convicted of the offense of burglary. The jury found that he had previously been convicted of a like offense. Sentence was assessed by the court at 12 years' imprisonment.

The first ground of error urged on this appeal is that the court should have granted defense counsel's motion to withdraw as attorney for appellant.

Counsel was appointed to represent appellant on November 27, 1972. Thereafter, on December 18, 1972, he filed a motion to withdraw, and, on January 3, 1973, appellant sent a note to the court requesting permission to discuss "some other legal matters." On January 11, 1973, the court held a conference with appellant and counsel for the defense. The court informed appellant that he perceived no good reason to grant counsel's motion to withdraw, and advised him to cooperate with his counsel. Thereafter, on the day of trial, the court appointed another attorney to act as cocounsel. No other motions or complaints appear in the record and none were raised

at trial. The only reasons urged before the court for granting the motion were that appellant refused to cooperate and discuss the case with his counsel and desired not to be represented by this attorney.

 A review of the record does not indicate that appellant received inadequate representation at trial. Further, the court is under no duty to search for counsel until an attorney is found who is agreeable to the accused. See Rogers v. State, 488 S. W.2d 833 (Tex.Cr.App.1973) and cases there cited.

Appellant's second ground of error urges that the court should have granted his motion for mistrial, when a witness offered an unresponsive answer in the presence of the jury.

The witness was asked if he had contacted the police regarding a number of stolen articles appellant had stored in the witness's barn, whereupon the following occurred:

"A Well, I thought about it for a long time. It took me a while because I didn't want to be no lawman and I didn't want to get in the middle of all that, but I had that stuff and I had to give it some consideration of what to do. I didn't want to cause John [the appellant] no trouble. He had done . . . he was a young man and it seemed like he had done spent a lot of his time in the . . .

"THE COURT: Whoa, whoa.

"A I'm sorry.

"DEFENSE COUNSEL: We move for a mistrial at this time.

"THE COURT: Denied. Members of the jury, disregard what the witness said about the . . . ."

It is obvious from the above that the answer was incomplete and that no reference to an extraneous offense was made. See Bermudez v. State, 504 S.W.2d 868 (Tex. Cr.App.1974). Further, the improper implication of the testimony, if any, was cured by the court's instruction to disregard. See Bermudez v. State, supra.

Appellant also complains, in the same ground of error, of another allegedly improper remark by the witness. The statement was: "I told him he shouldn't of done it because I figured then that he had done a wrong and . . ." The sentence was cut off by appellant's objection, which the court sustained. The court then instructed the jury to disregard on his own motion. Appellant's counsel made no further request for relief. There was no error. Brown v. State, 477 S.W.2d 617 (Tex.Cr.App.1972).

The judgment is affirmed.