**Willie Earl JACKSON, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–82–0678–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 27, 1983.

Mary Moore, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before COHEN, JACK SMITH and BULLOCK, JJ.

OPINION

COHEN, Justice.

The appellant was convicted by a jury of aggravated robbery, enhanced by one felony conviction. The jury set his punishment at imprisonment for ninety-nine years.

The appellant first asserts that the trial court erred by "inducing appellant to retain court-appointed counsel over appellant's objection." Appellant was indigent and was represented by court-appointed counsel. On the day of trial he informed the Judge for the first time of a long list of complaints regarding his attorney's performance. The appellant stated that "a dude by the name of Prince Norman" had hired an attorney whose name was unknown to the appellant to represent him at trial. The supposedly retained attorney was not present in the courtroom on trial day, nor was Prince Norman. The attorney appointed by the court to represent the appellant was present in court and announced ready for trial. At no time did he indicate any desire to be relieved or inform the court of any reason why he should be relieved.

The brief filed for the appellant cites no case which reversed a judgment for failure to discharge court-appointed counsel at the request of a defendant. In *Rogers v. State,* 488 S.W.2d 833 (Tex.Cr.App.1973) the Court of Criminal Appeals stated that, "... the [Trial] Court is under no duty to search for counsel until it finds one who is agreeable to a defendant." In *Viges v. State,* 508 S.W.2d 76 (Tex.Cr.App.1974) the court considered the problem from the attorney's perspective and held that it was not error to deny the motion of the court-appointed counsel to withdraw because the defendant had refused to cooperate or discuss the case with him. The complaint made to the trial

court by the appellant in the case at bar had no more merit than that made in *Viges* or *Rogers*, both *supra.*

In *Thomas v. State,* 550 S.W.2d 64, 68 (Tex.Cr.App.1977), the court stated:

> Nothing said here should be construed to grant a defendant the right to appointed counsel of his choice. The accused's right to select his own counsel cannot be insisted upon or manipulated so as to obstruct the orderly procedure in the Courts or to interfere with the fair administration of justice . . . the defendant must accept counsel assigned by the Court unless he effectively waives right to counsel in order to represent himself, . . . or can show adequate cause for appointment of a different attorney.

The appellant neither waived his right to counsel nor showed adequate cause for the appointment of a different attorney. Although the appellant asserts in another ground of error that he did not receive the effective assistance of counsel, we consider that point below and reject it. Ground of error one is overruled.

■ Appellant next complains that he was denied the right to effective assistance of counsel because of inadequate performance by his trial attorney. He concedes that his trial attorney met the standards announced in *Meeks v. State,* 456 S.W.2d 938 (Tex.Cr.App.1970) by actively participating in the trial, cross-examining witnesses and objecting properly, at least at times. The appellant complains that his attorney attempted to put forth testimony in bad faith and attempted to make a record based on an erroneous conception of the law. Nothing in the record supports the claim. Appellant complains that his attorney failed to vigorously urge several pro se motions of the appellant; however, an appellant is not entitled to hybrid representation, and the motions are not shown to have been meritorious. The appellant complains that counsel failed to object to the introduction of medical records and penitentiary packets, without suggesting any arguable basis for an objection.

The appellant complains that his trial counsel made a motion to dismiss for violation of the Speedy Trial Act, but argues that there was no hearing, or the hearing was not recorded, or a decision was not made by the judge. Contrary to these assertions, the statement of facts of the pretrial motions heard on trial day contains mention by appellant's trial attorney that a hearing was held three or four weeks before on the claim of denial of the right to speedy trial and that the appellant "preserved his right to appeal" the court's ruling on the motion. The statement of facts also contains statements by the prosecutor that the State announced ready for trial on previous settings. The trial began on August 16, 1982. The docket sheet shows that on July 12, 1982, the court heard the defendant's "motion to dismiss" and overruled it, and gives the name of the court reporter on that date. The only document complaining of violation of the Speedy Trial Act (or styled "motion to dismiss") is styled "motion to dismiss for failure to afford speedy trial." It thus appears that the motion was heard, was denied by the court, and was recorded by the court reporter. However, no record of that hearing appears in the appellate record before us, which record was approved without objection by the same attorney on appeal who complains of the trial attorney's failure to preserve error on this point. The assertion of ineffective counsel at the trial level is plainly without merit, and ground of error two is overruled.

The judgment is affirmed.