TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00172-CR


and


NO. 03-95-00173-CR






Dwayne Walker, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT


NOS. 44,733 & 44,734, HONORABLE RICK MORRIS, JUDGE PRESIDING







PER CURIAM


 In each cause, appellant pleaded guilty and judicially confessed to the offense of
aggravated robbery. Tex. Penal Code Ann. § 29.03 (West 1994). (1) The district court found him
guilty in each cause and assessed punishment at imprisonment for life.

 Appellant's court-appointed attorney filed briefs in which he concludes that the
appeals are frivolous and without merit. The briefs meet the requirements of Anders v.
California, 386 U.S. 738 (1967), by presenting a professional evaluation of the record
demonstrating why there are no arguable grounds to be advanced. See also Penson v. Ohio, 488
U.S. 75 (1988); Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969); Jackson v. State,
485 S.W.2d 553 (Tex. Crim. App. 1972); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App.
1974); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). Copies of counsel's briefs were
delivered to appellant, and appellant was advised of his right to examine the appellate record and
to file a pro se brief. A pro se brief has been filed.

 In his pro se brief, appellant complains that he was forced to accept an appointed
lawyer of whom he did not approve and with whom he "could not relate." An indigent defendant
is not, however, entitled to the appointed attorney of his choice. Solis v. State, 792 S.W.2d 95,
100 (Tex. Crim. App. 1990); Viges v. State, 508 S.W.2d 76, 77 (Tex. Crim. App. 1974). There
is no basis in the record for concluding that the district court abused its discretion by refusing to
appoint different counsel.

 Appellant also complains that his attorney rendered ineffective assistance because
he refused to adduce evidence that appellant has a learning disability, used cocaine daily, and had
a record of arrests but no convictions. Whether to present such evidence falls within the category
of trial strategy. In any event, appellant's many arrests were detailed in the presentence
investigation report and therefore brought to the attention of the court. From a reading of this
report, it appears that appellant did not disclose either his learning disability or his heavy cocaine
use to the interviewer. Appellant has failed to demonstrate that counsel's performance was outside
the range of reasonable professional assistance. 

 We have reviewed the record and counsel's brief and agree that the appeal is
frivolous and without merit. Further, we find nothing in the record that might arguably support
the appeal.

 The judgments of conviction are affirmed.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: July 12, 1995

Do Not Publish

1. Section 29.03 was amended in a nonsubstantive way after these offenses were committed.