ACCEPTED
13-14-00380-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
9/23/2015 1:24:07 PM
Dorian E. Ramirez
CLERK

**NO. 13-14-00380-CR-CR**

IN THE

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
9/23/2015 1:24:07 PM
DORIAN E. RAMIREZ
Clerk

COURT OF APPEALS

THIRTEENTH DISTRICT

CORPUS CHRISTI, TEXAS

LAWRENCE JAMES, JR.

v.

THE STATE OF TEXAS

ON APPEAL IN CAUSE NO. 12-14114

252ND DISTRICT COURT

THE HONORABLE LARRY GIST, JUDGE PRESIDING

---

# BRIEF FOR STATE

---

BOB WORTHAM
CRIMINAL DISTRICT ATTORNEY
JEFFERSON COUNTY, TEXAS

WAYLN G. THOMPSON, ASSISTANT
CRIMINAL DISTRICT ATTORNEY
JEFFERSON COUNTY, TEXAS
TBL # 19959725
1085 PEARL STREET, SUITE 300
BEAUMONT, TEXAS  77701
(409) 835-8550
(thompson@co.jefferson.tx.us)

**IDENTIFICATION OF THE PARTIES AND COUNSEL**

Pursuant to Tex. R. App. Proc. 38.1(a), a complete list of the names of all interested parties is provided below so the members of this Honorable Court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of the case.

Lawrence James, Jr., Appellant

Defense Attorney on the Trial:
    Nathan Lee Reynolds, Jr.
    3500 Memorial Blvd.
    Port Arthur, Texas 77640

Judge Presiding:
    The Honorable Larry Gist

Defense Attorney on the Appeal:
    Kevin Sekaly Cribbs
    7705 Calder Avenue
    Beaumont, Texas 77706

Prosecutors on the Trial:
    Eric Houghton
    Jefferson County Courthouse
    1085 Pearl Street, Suite 300
    Beaumont, Texas  77701

Prosecutor on the Appeal:
    Wayln G. Thompson
    Jefferson County Courthouse
    1085 Pearl Street, Suite 300
    Beaumont, Texas  77701

Bob Wortham, Criminal District Attorney
    Jefferson County Courthouse
    1085 Pearl Street, Suite 300
    Beaumont, Texas  77701

# TABLE OF CONTENTS

INDEX OF AUTHORITIES.................................................................................. iii

STATEMENT OF THE CASE...............................................................................2

ISSUES PRESENTED...........................................................................................3

SUMMARY OF THE ARGUMENT ....................................................................4

STATE'S REPLY TO APPELLANT'S ISSUE NO. ONE .....................................5

Appellant claims that he was denied due process of law by being denied effective assistance of counsel.

STATE'S REPLY TO APPELLANT'S ISSUE NO. TWO .....................................8

Appellant claims that he was denied due process of law by being denied an open and public trial.

STATE'S REPLY TO APPELLANT'S ISSUE NO. THREE .................................9

Appellant claims that he was denied due process of law because he was not given notice of the changes of trial judge and prosecutor.

STATE'S REPLY TO APPELLANT'S ISSUE NO. FOUR ...................................9

Appellant claims that he was denied due process of law because based upon the arguments of the prosecutor at the sentencing hearing and by the trial court by relying on the pre-sentence report and its contents relative to extraneous offenses and victim statements.

STATE'S REPLY TO APPELLANT'S ISSUE NO. FIVE ...................................10

Appellant claims that the trial court erred in accepting Appellant's guilty plea without providing the necessary admonishments and therefore the plea was involuntary.

STATE'S REPLY TO APPELLANT'S ISSUE NO. SIX.........................................11

The Appellant claims his due process rights were violated when he was not provided a complete record/statement of facts from his court proceedings.

STATE'S REPLY TO APPELLANT'S ISSUE NO. SEVEN ................................12

The Nunc Pro Tunc admonishments and unagreed plea agreement does not properly correct the trial court's clerical error [date of documents] and should be withdrawn and replaced with an Order Nunc Pro Tunc.

STATE'S REPLY TO APPELLANT'S ISSUE NO. EIGHT ................................14

The trial court abused its discretion in not granting Appellant's motion to dismiss court appointed counsel prior to trial.

STATE'S REPLY TO APPELLANT'S ISSUE NO. NINE...................................16

The Appellant's case should be remanded and returned to his prejudgment status in order that he may be allowed to file a motion for new trial.

PRAYER .........................................................................................................17

CERTIFICATE OF COMPLIANCE......................................................................18

CERTIFICATE OF SERVICE .............................................................................18

# INDEX OF AUTHORITIES

## STATUTES

TEX. R. APP. PROC., Rule 33.1 ...................................................................10

TEX.R.APP. PROC., 33.1(a)(1) ..................................................................11

TEX. R. APP. PROC., 38.1(f) ...................................................................7,8.9

TEX. R. APP. PROC., 38.1(g)...................................................................7,8,9


## UNITED STATE CASES

*Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674
   (1984) ...................................................................................................5

*Trevino v. Thaler,* 569 U.S ——, ——, 133 S.Ct. 1911, 1918 (2013) ....................7


## TEXAS CASES

*Anderson v. State*, 182 S.W.3d 914 (Tex.Crim.App. 2006) ....................................13

*Bone v. State,* 77 S.W.3d 828, 833 (Tex.Crim.App.2002) .........................................6

*Cooper v. State*, 500 S.W.2d 837, 841 (Tex.Crim.App. 1973 ...............................11

*Dinkins v. State*, 894 S.W.2d 330, 355 (Tex.Crim.App. 1995) ..............................11

*Ex parte Jimenez,*  364 S.W.3d 866, 883 (Tex.Crim.App. 2012)............................5

*Ex parte Torres,*  943 S.W.2d 469, 475 (Tex.Crim.App. 1997) ..............................7

*Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex.Crim.App.2005) ...........................7

*Hernandez v. State,* 726 S.W.2d 53, 55–57 (Tex.Crim.App.1986)..........................5

*King v. State,* 29 S.W.3d 556, 566 (Tex.Crim.App. 2000)......................................15

*Malcolm v State*, 628 S.W.2d 790, 791 (Tex.Crim.App. [Panel Op.] 1982)......14,15

*Martinez v. State*, 981 S.W.2d 195 (Tex.Crim.App. 1998) .....................................13

*Menefield v. State,* 363 S.W.3d 591, 593 (Tex.Crim.App.2012)...............................6

*Pena v. State*, 353 S.W.3d 797 (Tex.Crim.App. 2011) ............................................11

*Rhoades v. State*, 934 S.W.2d 113 (Tex.Crim.App. 1996)......................................11

*Robinson v. State*, 240 S.W.3d 919 (Tex.Crim.App. 2007) ....................................16

*Rogers v. State*, 488 S.W.2d 833, 834 (Tex.Crim.App. 1973) ................................15

*Rylander v. State,* 101 S .W.3d 107, 111 (Tex.Crim.App.2003)...............................7

*Thomas v. State*, 550 S.W.2d 64, 68 (Tex.Crim.App. 1977)...................................14

*Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim.App.1999)..................................6

NO. 13-14-00380-CR-CR

IN THE

COURT OF APPEALS

THIRTEENTH DISTRICT

CORPUS CHRISTI, TEXAS


LAWRENCE JAMES, JR.

v.

THE STATE OF TEXAS


ON APPEAL IN CAUSE NO. 12-14114

252ND DISTRICT COURT

THE HONORABLE LARRY GIST, JUDGE PRESIDING

# BRIEF FOR STATE

The State does not believe that oral argument would significantly aid the Court in determining the legal and factual issues. However, should the Court grant any request for oral argument by Appellant, then the State requests the opportunity to respond in oral argument.

1

**TO THE HONORABLE COURT OF APPEALS:**

COMES NOW, the State of Texas and makes and files this, its Brief, respectfully showing to this Honorable Court as follows:

## STATEMENT OF THE CASE

Appellant was indicted by a Jefferson County grand jury for commission of an alleged murder. [Enhanced] (CR:5-6.) The record indicates that voir-dire was conducted on April 29, 2014, but that before evidence was presented, Appellant entered a plea of guilty to the trial court. (RR.Plea:II:5.) The trial court found Appellant guilty and reset the case for preparation of a pre-sentence report. The State recommended a life sentence. Appellant asked for a 25 year sentence. (RR.Plea.II:6; CR. Supplemental:5-7.) On June 2, 2014, the trial court assessed a life sentence. (RR.III:11.) The trial court certified that this is not a plea-bargain case and the defendant has the right of appeal. (CR:60.) Timely, written notice of appeal was filed on June 5, 2014. (CR:72.)

# ISSUES PRESENTED

Appellant presents nine issues for review, while conceding in the summary of his brief that the first six (6) issues do not warrant reversal. He first claimed he received ineffective assistance of trial counsel. He also claims he was denied due process of law because he was allegedly denied an open public trial, that he was not given notice of the change of trial judge and prosecutor, and arguments at sentencing relied upon extraneous offenses and victim statements from the pre-sentence report. In issue five, Appellant claims he was not properly admonished. In issue six, he claims he was not provided a complete record of facts from his court proceeding. In issue seven, Appellant complains of an alleged clerical error regarding the dates of his plea admonishments. In issue eight, he alleges the trial court abused its discretion in not granting his motion to dismiss court appointed trial counsel prior to trial. Finally, in issue nine, Appellant argues that his case should be remanded to the trial court to enable him to file a motion for new trial.

## SUMMARY OF THE ARGUMENT

Appellant concedes in his first two issues there are no meritorious issues regarding ineffective assistance of counsel or an alleged closed courtroom that are supported by the record. In his third issue, Appellant fails to state a factual basis for an argument and concedes he is unable to set forth an argument to support that he was harmed by a change of judge and prosecutor. In issue four, Appellant concedes that no objections were made to the pre-sentence investigation report and that any alleged error regarding the pre-sentence report was waived. In issue five, Appellant concedes that no error occurred regarding an allegation that he was denied a complete record/statement of facts from his court proceedings and that any alleged error was not preserved.

As to issue seven, written plea admonishments appear to have been executed on both April 28th and 29th of 2014, the day of the pretrial hearings and the day the trial started and halted for his plea following voir-dire. In either or both instances, the admonishments were provided. The State believes no further correction is therefore needed. The trial court did not abuse its discretion in denying Appellant's request to fire his trial lawyer the day before trial. Finally, as to issue nine, Appellant is not entitled to hybrid representation. Thus, the trial court was not required to rule on his pro se motion for new trial. Relief requested in all issues should be denied.

## STATE'S REPLY TO APPELLANT'S
## <u>ISSUE NO. ONE</u>

**Appellant Asserts:**

> Appellant claims that he was denied due process of law by being denied effective assistance of counsel.

**A.      Law Regarding Ineffective Assistance of Counsel Claims:**

Appellate courts measure a claim of ineffective assistance of counsel against the two-prong test established by the Supreme Court in ***Strickland v. Washington,*** **466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).**  See ***Hernandez v. State,*** **726 S.W.2d 53, 55–57 (Tex.Crim.App.1986)** (applying ***Strickland*** test).  A person claiming that counsel was ineffective must prove by a preponderance of the evidence that (1) counsel's performance was deficient, falling below an "objective standard of reasonableness," and (2) the deficient performance prejudiced the defense such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Ex parte Jimenez,*** **364 S.W.3d 866, 883 (Tex.Crim.App.2012)** (*quotation omitted*)**.**

Appellate courts "indulge in a strong presumption that counsel's conduct fell within the wide range of reasonable assistance and that the challenged action might be considered sound trial strategy." **Id**.  "The mere fact that another attorney might have pursued a different tactic at trial does not suffice to prove a claim of ineffective assistance of counsel." **Id.**  "The ***Strickland*** test is judged by the

5

'totality of the representation,' not by counsel's isolated acts or omissions, and the test is applied from the viewpoint of an attorney at the time he acted, not through 20/20 hindsight." **Id**. Thus, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State,* **9 S.W.3d 808, 813 (Tex.Crim.App.1999)**. Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the presumption that counsel's conduct was reasonable and professional. *Bone v. State,* **77 S.W.3d 828, 833 (Tex.Crim.App.2002)** Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. **Id.** *Thompson,* **9 S.W.3d at 813**. In the majority of cases, the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel. *Bone,* **77 S.W.3d at 833**. "Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Menefield v. State,* **363 S.W.3d 591, 593 (Tex.Crim.App.2012)**. "If trial counsel is not given that opportunity, the appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it." **Id.**

Appellate courts ordinarily will not declare trial counsel ineffective where there is no record showing counsel had an opportunity to explain himself. *See Goodspeed v. State,* **187 S.W.3d 390, 392 (Tex.Crim.App.2005)**. Without evidence of the strategy employed, appellate courts will presume sound trial strategy. See *Rylander v. State,* **101 S .W.3d 107, 111 (Tex.Crim.App.2003)**. Texas procedure makes it "virtually impossible" for appellate counsel to present an adequate ineffective assistance of trial counsel claim on direct review. *Trevino v. Thaler,* **569 U.S ——, ——, 133 S.Ct. 1911, 1918 (2013)**. This is because the inherent nature of most ineffective assistance of trial counsel claims means the trial court record "will often fail to contain the information necessary to substantiate' the claim." **Id.** (quoting *Ex parte Torres,* **943 S.W.2d 469, 475 (Tex.Crim.App.1997)** (*en banc*)).

**B.** **Allegations of Ineffective Assistance of Counsel Are Not Supported By the Record:**

Appellant conceded in his brief that there are no meritorious issues regarding ineffective assistance of counsel in this cause that are supported by the record. Other than providing general law regarding ineffective assistance of counsel, his brief fails to state concise issues or points to be presented in that regard as required by **TEX. R. APP. PROC., 38.1(f)** or any factual basis entitling him to relief as required by **TEX. R. APP. PROC., 38.1(g)**. He concedes that any allegedly

7

meritorius "claims should be litigated after the full development of supporting evidence for those claims and that such full development is not currently in this record." (See App. Brief – p.21.) The State concurs.

## STATE'S REPLY TO APPELLANT'S
### ISSUE NO. TWO

**Appellant Asserts:**

> Appellant claims that he was denied due process of law
> by being denied an open and public trial.

Appellant concedes in his brief that the record does not support an allegation that the courtroom was closed to the public. (See App. Brief – p.22.) His brief fails to state concise issues or points to be presented in that regard as required by **TEX. R. APP. PROC., 38.1(f)** or any factual basis entitling him to relief as required by **TEX. R. APP. PROC., 38.1(g)**.

## STATE'S REPLY TO APPELLANT'S
## ISSUE NO. THREE

**Appellant Asserts:**

> Appellant claims that he was denied due process of law because he was not given notice of the changes of trial judge and prosecutor.

Appellant concedes in his brief that he is unable to set forth an argument on Issue No. Three and that he cannot establish that he was harmed by the change in trial judge and prosecutor. (See App. Brief – p. 22.) His brief fails to state concise issues or points to be presented in that regard as required by **TEX. R. APP. PROC., 38.1(f)** or any factual basis entitling him to relief as required by **TEX. R. APP. PROC., 38.1(g)**.

## STATE'S REPLY TO APPELLANT'S
## ISSUE NO. FOUR

**Appellant Asserts:**

> Appellant claims that he was denied due process of law because based upon the arguments of the prosecutor at the sentencing hearing and by the trial court by relying on the pre-sentence report and its contents relative to extraneous offenses and victim statements.

Appellant conceded in his brief that there were no objections made to the presentence investigation report at the time of sentencing and that there are no preserved grounds to complain of the report or its use on appeal. (See App. Brief –

p. 26.)  Failure to object to the pre-sentence report waives any error in the admission of the P.S.I. contents.  **TEX. R. APP. PROC., Rule 33.1**.

## STATE'S REPLY TO APPELLANT'S ISSUE NO. FIVE

**Appellant Asserts:**

> Appellant claims that the trial court erred in accepting Appellant's guilty plea without providing the necessary admonishments and therefore the plea was involuntary.

Appellant concedes in his brief that, "The trial court's admonishments were both orally and in writing, and completely apprise Appellant of all requisite admonishments under the statute.  There is no trial court error regarding admonishments resulting in Appellant's complained of involuntary plea.  (No meritorious argument of trial court error relative to an involuntary plea are supported by the record.") (See App. Brief – p.30; See also, CR:29-31 and CR. Supplemental: 5-7.)

## STATE'S REPLY TO APPELLANT'S
## <u>ISSUE NO. SIX</u>

**Appellant Asserts:**

> The Appellant claims his due process rights were violated
> when he was not provided a complete record/statement of
> facts from his court proceedings.

Appellant concedes either that no such error occurred, or that if error occurred it was not preserved, because of lack of objection. (See App. Brief – p. 32-33.) To preserve an issue for appeal, a party must timely object, stating the specific legal basis. **TEX.R.APP. PROC., 33.1(a)(1);** ***Rhoades v. State*, 934 S.W.2d 113 (Tex.Crim.App. 1996)**. To be timely, an objection must be raised at the earliest opportunity or as soon as the ground of objection becomes apparent. ***Dinkins v. State*, 894 S.W.2d 330, 355 (Tex.Crim.App. 1995)**. The objection must simply be clear enough to provide the judge and the opposing party an opportunity to address and, if necessary, correct the purported error. ***Pena v. State*, 353 S.W.3d 797 (Tex.Crim.App. 2011)**. Without a timely objection, nothing is presented for appellate review. ***Cooper v. State*, 500 S.W.2d 837, 841 (Tex.Crim.App. 1973)**.

## STATE'S REPLY TO APPELLANT'S
## ISSUE NO. SEVEN

**Appellant Asserts:**

> The Nunc Pro Tunc admonishments and unagreed plea agreement does not properly correct the trial court's clerical error [date of documents] and should be withdrawn and replaced with an Order Nunc Pro Tunc.

This Cause was called for pre-trial matters on April 28, 2015. Voir-dire commenced on April 29, 2014. (RR.II.)  There are two sets of written plea admonishments found in the record.  The first is found at CR:29-31 that is dated April 28, 2014.  From the scrawled writing it is easily identified as a computerized, tablet generated document utilized by our courts. The second is the Nunc Pro Tunc written plea admonishments found at CR.Supplemental:5-7, dated April 29, 2014. That document is clearly one that has handwritten notations. Appellant entered his plea of guilty on April 29, 2014. (See CR:5.)  Appellant complains of the April 29th documents, asking the appellate court to order the trial court to adopt the original document of April 28, 2014, and to *nunc pro t*unc that document to correct the date as April 29, 2014, as the correct document.  The State here argues that the two documents just as easily work in conjunction with each other.  The original document dated April 28th, and the document dated April 29th both contain the same proper admonishments, although the April 28th documents contain all the necessary signatures.  Substantial compliance with the admonishment requirements

12

is satisfied by both documents. The April 29th document (*nunc pro tunc*) appears to have been a subsequent effort by the trial court to insure Appellant was again admonished after *voir dire* in order to further facilitate the plea. The State urges that no further correction is therefore needed. Substantial compliance with admonishment requirements is sufficient to inform a defendant about plea consequences. ***Martinez v. State*, 981 S.W.2d 195 (Tex.Crim.App. 1998)**. Appellant has not established that the admonishments themselves are incorrect, much less that he was in any way misled or harmed. See ***Anderson v. State*, 182 S.W.3d 914 (Tex.Crim.App. 2006)**.

**Appellant Asserts:**

> The trial court abused its discretion in not granting Appellant's motion to dismiss court appointed counsel prior to trial.

Trial began on April 29th, 2014. (RR.II)  Appellant waited until April 28[th,] at a pretrial hearing to present a motion to dismiss trial counsel. (RR.I-Pretrial Hearing:6.)  At that hearing Appellant alleged his appointed lawyer had a conflict of interest (with no supporting information), that his lawyer was not properly representing him, had not filed any motions on his behalf or given him "full disclosure" or "presented anything."  His lawyer responded that time that he had filed for the standard discovery order, the State had complied, and that he had received a plea offer and gone over the range of punishment with his client.  Trial counsel added he had received the DNA report and a video he could show his client. (See CR:7 – Docket sheet reflecting Nathan Reynolds was appointed trial counsel; See RR.I-Pretrial Hearing: 4-6.)  Based upon trial counsel's comments, the trial judge denied Appellants attempt to dismiss the lawyer.

Appellant had no right to an appointed counsel of his choice.  See ***Thomas v. State*, 550 S.W.2d 64, 68 (Tex.Crim.App. 1977)**.  A trial court has no duty to search for an attorney until it finds one suiting Appellant's liking.  See ***Malcolm v***

*State*, **628 S.W.2d 790, 791 (Tex.Crim.App. [Panel Op.] 1982)**; *Rogers v. State*, **488 S.W.2d 833, 834 (Tex.Crim.App. 1973)**. Criminal defendants unhappy with their court-appointed attorneys have the burden of proving to the trial court that they are entitled to a change. The burden includes requesting a hearing. Personality conflicts and disagreements concerning trial strategy are typically not valid grounds for withdrawal. See *King v. State*, **29 S.W.3d 556, 566 (Tex.Crim.App. 2000)**. There is little, if anything, in the record to assist an appellate court in reviewing Appellant's claim that the trial court erred by not allowing him to fire this appointed counsel on the day before trial began. The record reflects instead that trial counsel had done everything required of him.

Appellant also has made no showing of harm by the denial of his request to fire trial counsel. Appellant changed his plea after *voir-dire*. Appellant's Eighth Issue is without merit and should be overruled.

**Appellant Asserts:**

> The Appellant's case should be remanded and returned to his prejudgment status in order that he may be allowed to file a motion for new trial.

Appellant filed a pro se motion for new trial while represented by counsel. (See App. Brief – p.41; See also RR.III:11; see CR:61-69 wherein the Pro se Motion for New Trial filed before trial counsel permitted to withdraw; see CR:80 – Trial courts Order allowing withdrawal of trial counsel not signed until June 12, 2014). Note that Appellant admits in his brief on p.41, that Notice of Appeal was filed after the Motion for New Trial was filed and trial counsel was permitted to later withdraw on June 12th. It appears from the record that the trial court never ruled on the pro se Motion for New Trial, therefore *Robinson v. State* is not controlling. See *Robinson v. State***, 240 S.W.3d 919 (Tex.Crim.App. 2007**)(holding that when a trial court <u>rules</u> on the merits of a pro se motion presented by a defendant who is represented by counsel, such ruling is subject to appellate review). Appellant's Pro Se Motion For New Trial was apparently overruled by operation of law. There is no indication from the record that trial counsel or appellate counsel adopted the motion for new trial. A defendant has no right to "hybrid representation," and the trial court was free to disregard the

motion. Appellant may not raise this issue on appeal. Appellant's Ninth Issue should be overruled and the requested relief denied.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, the State respectfully prays that this Honorable Court, upon consideration of the record, the briefs, and law, overrule the Appellant's points of error and affirm the judgment.

RESPECTFULLY SUBMITTED

BOB WORTHAM
CRIMINAL DISTRICT ATTORNEY
JEFFERSON COUNTY, TEXAS


 /s/  Wayln G. Thompson
_____

WAYLN G. THOMPSON, ASSISTANT
CRIMINAL DISTRICT ATTORNEY
JEFFERSON COUNTY, TEXAS
TBL # 19959725
1085 PEARL STREET, SUITE 300
BEAUMONT, TEXAS 77701
(409) 835-8550
(thompson@co.jefferson.tx.us)

## CERTIFICATE OF COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that the number of words in this brief, excluding those matters listed in Rule 94.(i)(1) is 2,859.

/s/ Wayln G. Thompson

WAYLN G. THOMPSON, ASSISTANT
CRIMINAL DISTRICT ATTORNEY
JEFFERSON COUNTY, TEXAS
TBL #19959725
1085 PEARL STREET, SUITE 300
BEAUMONT, TEXAS 77701
(409) 835-8550
(thompson@co.jefferson.tx.us)

## CERTIFICATE OF SERVICE

A copy of this brief has been sent by United States Mail to Kevin Sekaly Cribbs, 7705 Calder Avenue, Beaumont, Texas 77706, and the State's brief has been eFiled with the Clerk of the Court of Appeals, this 23rd day of September, 2015.

/s/ Wayln G. Thompson

WAYLN G. THOMPSON, ASSISTANT
CRIMINAL DISTRICT ATTORNEY
JEFFERSON COUNTY, TEXAS